JOHN H. WHITWORTH *et al.* v. DAVIS G. CARTER, Admr.

1. WRITS OF ERROR: APPEAL: IN WHOSE NAME PROSECUTED.—Writs of error and appeals from the judgments of courts of law must be sued out in the name of all the parties against whom the judgment is rendered, and one party may sue out the writ of error and take the appeal in the name of all without first obtaining their consent.

2. SUMMONS AND SEVERANCE.—When a writ of error is sued out, or an appeal taken in the name of all the parties to the judgment in the court below, some of whom do not unite in assigning errors, and in prosecuting the suit in the High Court of Errors and Appeals, those prosecuting the suit of error or appeal may have a summons and severance as to the others.

ERROR to the Circuit Court of Monroe county. Hon. W. D. Bradford, judge.

*Johnston & Johnston* for plaintiffs in error.

*Houston & Reynolds* for defendant in error. No brief of counsel on file.

PEYTON, J., delivered the opinion of the court.

The defendant in error, as administrator of the estate of Richard Hutchinson, deceased, recovered judgment in the Cir-

cuit Court of the county of Monroe against the plaintiff in error and one Lucian B. Moore, for the sum of $2,778.21. And the cause is brought here by writ of error, sued out in the names of two only of the defendants in said judgment.

The defendant in error moves the court here to quash the writ of error and dismiss the cause, on the ground that the writ was sued out by two only of the defendants in said judgment, John Whitworth and Walter W. Troup.

There seems to have been some conflict in the decisions of our courts as to the proper mode of prosecuting writs of error where some of the parties decline to join therein. It is desirable that there should be some certain, intelligible, and uniform rule upon this subject.

In the case of *Green et al.* v. *The Planters' Bank*, 3 How. 43, two out of four of the defendants below prayed and obtained an appeal to this court, and a motion was made here to dismiss it, on the ground that the appeal was taken by two of the defendants without summons and severance. The court say: "There can be no doubt that the appeal should be in the name of all the parties against whom the judgment was rendered. If some will not join in the appeal any one who may desire a revision of the judgment may prosecute his appeal. Then by summons and severance he might proceed on his own case alone and exempt himself from any eventual liability for the others." In the case of *Henderson* v. *Wilson*, 4 S. & M. 372, the court arrived at a similar conclusion upon a writ of error, and in this respect we apprehend there is no difference between an appeal and writ of error. These cases, if we understand them correctly, would seem to imply that some of the parties may take the appeal or writ of error in their own names, and after summons and severance prosecute the same without the others.

The preponderance of authority, both in England and in this country, is against the doctrine enunciated in the above-cited cases.

In the case of *Flournoy* v. *Burke et al.*, 4 How. 337, the court say: "Wherever there are more defendants than one, all of their

names must be in the writ of error, or it will be quashed. If one party alone wishes to prosecute, he may do so, but the writ must be in the name of all; and when the case is brought up, if they will not join in assigning errors and prosecuting the suit, he may have a summons and severance, and prosecute alone." This, we think, is the true doctrine, and is sustained by reason, principle, and authority. *Peira et al.* v. *Silva,* 4 S. & M. 735; *Thomas* v. *Wyatt,* 9 S. & M. 308; *Andrews* v. *Bosworth,* 3 Mass. 223; *Hudspeth* v. *The State,* 1 Arkansas, 20; *Miller* v. *Heard,* 1 Eng. 73; *Beal* v. *Fox,* 4 Georgia, 403; *Carey* v. *Giles,* 10 Geo.; *Smyth* v. *Strader,* 12 How. U. S. 327; *Phelps* v. *Ellsworth,* 3 Day's Cases, 144; *Callaghan* v. *Carr,* 1 Marshall, 222; Sellon's Practice, 404.

It is competent for one who considers himself aggrieved by a judgment against him to use the names of his co-defendants in prosecuting a writ of error, without first obtaining their consent; and if, upon the cause coming into the Appellate Court, either of the plaintiffs in error decline joining in the assignment of errors, he should be summoned, and on failure to join, be severed, and the writ prosecuted by the other plaintiffs separately. *Jameson* v. *Colburn,* 1 Stewart & Porter, 253.

Where a judgment is given against several, any of them may bring a writ of error, but it must be in the names of all, or the court will quash it on motion: for otherwise this inconvenience would ensue, that every defendant might bring a writ of error by himself, and by that means delay the plaintiff from having the benefit of his judgment, though it be affirmed once or oftener. And so strict were the courts in this respect, that although one of the parties might have died, yet he must have been named in the writ, and his death stated, though the writ might be brought by the survivors alone. And if after error brought by one of several plaintiffs or defendants in the names of all, the others refuse to come in and join with him in the assignment of errors, they must be summoned and severed; after which he might proceed in the writ of error alone, and the court would give him time to assign errors until the others could be sum-

moned and severed.   Graham's Practice, 771 ; *Jaques* v. *Cesar*, 2 Saunder's Rep. 101 ; 2 Tidd's Prac. 1135.

It seems to be a settled rule in England and in this country, so far as we have been able to ascertain, that the writ of error must be brought in the names of *all* the parties against whom the judgment is given, that it may agree with the record. *Jaques* v. *Cesar*, 2 Saunder's Rep. 101 ; *Borden* v. *The State*, 3 Eng. 399.   And where the writ does not contain the names of all the parties against whom the judgment is rendered, it may be quashed upon motion as well for its variance from the record as for the inconvenience that would ensue by allowing every defendant to bring a writ of error by himself, and by that means delay the plaintiff from having the benefit of his judgment.

For these reasons, the writ must be quashed, the cause retained, a new writ of error issued and filed with the record, and writ of summons and severance issue.