## M. F. Saunders *et al. v.* Mahala Saunders.

1. PRACTICE—WRIT OF ERROR.—The Code of 1857, art. 9, gives the writ of error to any party aggrieved by a judgment or decree.  If there be several, any one is entitled to the writ.  Such was the right at common law.

2. SAME—WHERE SEVERAL PARTIES THERETO.—Where there are several parties to a judgment, one may take steps to have it reviewed ; but, to make one suit final, he must institute proceedings to compel the others, either to join with him or withdraw altogether, which latter alternative bars them of another writ.  Whitworth *et al.* v. Carter, Adm'r, 41 Miss. Rep., p. 640 ; Hoggatt v. Ferrall, ib., 643.

3. SAME—RULE AS TO BAR OF STATUTE.—The rule is, if the interests are necessarily joint, the bar of one by the statute is the bar of all ; but if the interests be joint and several, disability may save one, whilst the statute would bar another.  Root v. McFerrin, 37 Miss. Rep., 52.

Error to the circuit court of the first district of Hinds county.   Hon. GEORGE F. BROWN, Judge.

The opinion of the court contains a sufficent statement of the case.

*H. B. Mayes,* for plaintiff in error:

By common law, writs of error were granted in all cases except treason and felony.  2 Tidd Pr., 1134 ; Christie v. Richardson, 3 Term R., 78.   Formerly in this State the period of limitation was two years, with saving of like period to persons *non compos mentis,* infants and *femes covert.*   How.

& Hutch., 572. Yet the writ was demandable as a matter of right. Ib., 540. The Code of 1857 (p. 563, art. 9), does not expressly make the writ of error a writ of right, yet it must be such. The question of limitation is a question of jurisdiction. It must be raised and settled by the court, before looking further into the record. Byrne, Vance & Co. v. Jeffries, 38 Miss., 537. It shall be the duty of the clerk to issue the writ; and whether the writ be properly granted or not, is a question for the decision of the court to which it is returnable. 2 U. S. Digest, 185, § 184; ib., 184, §§ 704, 705; Yates v. People, 9 Johns, 368–379; Joseph v. Cook, Coxe Rep., 105; State v. Farlee, ib. 82; Eager *et ux.* v. Commonwealth, 4 Mass., 182.

Where the interests of several parties are both joint and several, the destruction of the remedy of one by limitation will not affect the remedy of the others. Root v. McFerrin, 37 Miss., 52, 53; Barnes, lessee, v. Nove, 2 Yerg., 277, 12 Johns, 185. This is the right of any party to a judgment. The title or right to a writ of error is joint or it is several according to their pleasure. Rev. Code of 1857, p. 563, art. 9; Whitworth *et al.* v. Carter, 41 Miss., 639, 643. There is no period of limitation as to persons under disability named in the statute, until the disability is removed. A *feme covert* may have the writ at any time during coverture, and within three years after the death of her husband. Rev. Code of 1857, p. 401, art. 17; ib., p. 398, art. 1; Eager v. Commonwealth, 4 Mass., 182; Treadwell v. Henderson, 41 Miss., 44; Root v. McFerrin, 37 ib., 17.

*John D. Freeman and Charles E. Hooker*, for defendants in error:

The husbands of the *femes covert* were joined with them in the suit, and it was at the option of these defendants to plead their coverture, if they thought it to their interest to do so. They declined to make that defense, and thereby waived it. There was no bill of exceptions taken, no motion for a new trial. It is now too late to make this new issue in this court.

3 S. & M., 493, 23 Miss., 84 ; 26 ib., 326 ; 10 S. & M., 304 ; 13 ib., 302. .Questions not made and decided in the court below cannot be urged in this court.   47 How., 90, 326 ; 8 S. & M., 197 ; 9 ib., 613 ; 13 ib., 302.

The question of jurisdiction made upon a plea of the statute of limitations must be decided before the court can consider the merits of the case.   Byrne, Vance & Co. v. Jeffries, 38 Miss., 533.   Under the circumstances of this case, the plea is effective against the defendant, *feme covert·* See Simmons v. Thomas, 43 Miss., 31 ; Goodyear v. Bumbaugh, 13 Pa., 486 ; Emmerson v. Clayton, 32 Ill., 496 ; Racon v. Bevan, 44 Miss., 293 ; Rev. Code of 1857, p. 316, art 45, ib., p. 336, art. 25.

SIMRALL, J., delivered the opinion of the court :

This writ of error is presented, by all the defendants to the judgment.   The statute of limitations of three years is pleaded in bar, to which one of the plaintiffs in error, replies : That they were, at the date of the commencement of the suit, at the rendition of the judgment, and now, west. ˙ The other defendants, who are under no disability set up the same matter in bar.   To the replications, the plaintiffs in error demurred.

The preliminary question thus raised, is now, alone for consideration.

Art. 9th of the statute, organizing the appellate court, Code, 1857, p. 563, gives the writ of error to ·" any party," plaintiff or defendant, aggrieved by the judgment or decree. If their be several persons, parties thus aggrieved, any one of them, is entitled to the writ.   Such indeed is the right at the common law.   But in order to prevent a multiplicity of suits, and upon one writ to include all parties, on the question of errors in the judgment and proceedings, it has long been a settled practice that the names of all the parties against whom judgment was pronounced must be inserted in the writ ; and where the writ is sued out by one party alone, he has liberty to insert the names of the co-parties in the

writ, and that there shall be but one trial, conclusive upon all, he must notify the others of what has been done, and give them an opportunity to unite with him in the assignment of errors and prosecution, or sever from him, and thereby withdraw altogether from the suit. Whitworth *et. al.* v. Carter, adm'r, 41 Miss. Rep., 640. Hoggatt v. Ferrall, ib., 643.

The effect of the statute, and the interpretation put upon it, is that one of several parties to a judgment, may take proceedings to have it reviewed, but to make the one suit final, he must take steps to compel the others, either to join with him, or withdraw altogether, which latter alternative bars them of another writ.

Writs of error may be sued out, or granted, within three years, saving to persons under disibility the like period after their disabilities are removed, Code, 1857, p. 401, art. 17; p. 400, § 12.

Either of the *femes covert*, defendants to the judgment, could have in the mode indicated, prosecuted the writ of error, without the joinder of the other defendants; if so, their disability still protects them against the bar of the statute; inasmuch therefore, as they had substantially a right to a separate writ of error; their disability saves them from the bar, and as to them the bar does not attach.

The rule is, if the interest is necessarily and absolutely joint, the bar of one, by the statute, is the bar of all, but if the interest be joint and several, disabilities may save one, whilst the statute would bar another. Root v. McFerrin, 37 Miss. Rep., 52.

Judgment will be for the *femes covert* on the demurrer, and against the other plaintiffs in error.