### H. M. Roberts et al. vs. Weiler & Haas.

1. Justice's Court: *Appeal therefrom. Bond therefor.*
Where a judgment is rendered in a justice's court against three defendants jointly, and an affidavit for appeal is made by one, and the bond executed by two, there is not such a want of proper parties to the appeal as would warrant a dismissal by the circuit court. Such an appeal will apply to both signers of the bond, and the judgment will stand against the defendant who did not join in the appeal.

Error to the Circuit Court of *Monroe* County.

Hon. B. B. Boone, Judge.

A sufficient statement of this case will be found in the opinion of the court.

The assignment of error is as follows: " The court below

erred in sustaining the motion to dismiss the appeal from the justice of the peace."

*Houston & Reynolds*, for plaintiff in error :

The only question presented is the dismissing the cause by the circuit court.

We will consider the several grounds upon which the motion was predicated :

1. Because there was no sufficient affidavit for appeal.    There was an application demanding an appeal, then an affidavit, which is in accordance with the requirements of the Code of 1871, § 1332.

2. Because the affidavit was not made nor the appeal bond executed within five days after the judgment was rendered. The judgment was rendered on the 22d of June.    The appeal was prosecuted on the 27th of June.

3. Because there is no appeal prosecuted from the judgment by either of the parties thereto.    The appeal is prosecuted by the sureties on the forthcoming bond ; they are parties aggrieved, and may appeal.    Payne v. Bullock, 23 Miss., 88.

4. Because the judgment is joint, and the appeal is prose-cuted in the name of one of the defendants only.    The affidavit is made by H. C. Roberts, and the bond executed by H. C. Roberts and H. M. Roberts and a surety.    The appeal is a statutory right.    It is not required that all parties shall join in the appeal.    Code of 1871, § 1332 ; and see, also, Todd v. Daniel, 16 Pet., 521 ; Emuch v. Armstrong, 1 Ohio, 233 ; Even v. Rutledge, 4 Ohio St., 210 ; Savage v. Walsh, 24 Ala., 293 ; Moore v. McGuire, 26 Ala., 461 ; Duval v. Cox, 5 How., 12 ; Green v. Planters' Bk., 3 ib., 43 ; Whitworth v. Carter, 41 Miss., 639.

*E. H. Bristow*, for defendants in error :

The question is this : Is an appeal, prosecuted from a jus-tice's court by *one or two* of *several* defendants, against whom a judgment has been there rendered, void ; and does such partial appeal give the circuit court jurisdiction to try the cause *de novo?*    *Writs of error and appeals* from judgments in courts

of law must be sued out in the names of *all the parties against* *whom the judgment is rendered.*   Green *v.* Planters' Bk., 3 How., 43 ; Flournoy *v.* Burk et al., 4 How., 337 ; Thompson *v.* Wyatte, 9 S. & M., 308 ; Whitworth *v.* Carter, 41 Miss., 639 ; Code of 1871, § 1258.

We think the rule, as laid down in the foregoing authorities, is too plain and too emphatically pronounced by the supreme court to require further argument.   The other grounds of the motion to dismiss we do not insist upon.

CHALMERS, J., delivered the opinion of the court.

The only question demanding consideration is, whether the circuit court acted properly in sustaining the motion to dismiss the appeal from the justice's court, upon the ground that said appeal had been prosecuted by one of three defendants against whom a joint judgment had been rendered in the magistrate's court.

Undoubtedly the motion to dismiss was properly sustained, if appeals from justices' courts are to be assimilated, in all respects, to those prosecuted from the circuit court to the supreme court.   The authorities on this subject, previously somewhat conflicting, are reviewed in Whitworth *v.* Carter, 41 Miss. 639, and the conclusion reached that, where only one of several joint judgment defendants in the circuit court appeals to this court, the appeal must be prosecuted in the name of all, and writ of summons and severance issued here as to those not joining ; and that where the appeal is prosecuted in the name of one alone it will be dismissed here, but with leave to the appellant to apply here for a writ of error *de novo*, upon which the writ of summons and severance will be awarded.

Several considerations induce us to hold that this rule does not apply in the circuit court to appeals from justices' courts. Such proceedings are from courts where everything is conducted *ore tenus*, usually without the assistance of lawyers or clerks, and not under the supervision of magistrates learned in the law.   No writ of error or citation on appeal is neces-

sary. The dissatisfied party is only required to file an affidavit giving notice of his dissatisfaction, and of his desire for a trial *de novo* in the circuit court, and this, accompanied by a bond, operates as an appeal, without service of supersedeas, or any notice whatever to the opposite party. We think that any one of several defendants, desiring to do so, may exercise this right without being required to formally join the names of his co-defendants in his affidavit. Indeed, it might be impossible for him to do so, inasmuch as he is required to swear that injustice has been done by the judgment—an opinion in which his co-defendant may not concur.

The main reason why this course is not permissible in appeals to this court is that by it the successful party below might be harrassed by repeated appeals, successively prosecuted by his several adversaries, within the three years limited for such appeals. This reason loses its force in the justices' court, where all appeals must be taken within five days of the rendition of the judgment. "*Cessante ratione, cessat ipsa lex.*"

Appeals taken only by a portion of the parties litigant will not affect the rights of those who join neither in the affidavit therefor nor in the bond. The judgment in the justice's court will stand as to them.

In the case at bar two of the parties defendant joined in the bond, though only one made the affidavit. A third defendant joined in neither. The appeal will be considered as applying to both signers of the bond.

The judgment of the court below, dismissing the appeal, is reversed, and this cause remanded with writ of *procedendo*.