Boyd et al. *v.* Barrenger.

Elijah Boyd et al. *vs.* Paul B. Barrenger, Administrator.

The statute of limitations of three years under the act of 1846, relative to the period of time within which suits must be brought on judgments or decrees rendered in another state, does not apply to judgments and decrees rendered before its passage; it only furnishes a defence to a particular class of cases, and is to that extent an exception to the general statute prescribing the time within which suits must be commenced in the courts of this state; and the exception in the statute is when the defendant was a citizen of the state, either at the time when suit was commenced or the judgment rendered against him in the other state; an action prosecuted upon such judgment must be commenced within three years after it was rendered. *Held,* that the plea setting up this defence under the statute, is insufficient.

23*

The defendant by plea avers, that the suit was not commenced within three years after the decree was rendered, and attempts to set up a defence under the *proviso of the 14th section of the* act of 1844, which declares, "In all cases of judgments or decrees heretofore obtained which are not now barred by the statute of limitations, the plaintiff may maintain an action thereon, if the same be commenced within two years after the passage of this act, and not afterwards." *Held*, that the plea is insufficent for want of that certainty which the rules of pleading require : had it averred that suit was not brought in two years, it would have been sufficient.

IN error from the circuit court of La Fayette county; Hon. Hugh R. Miller, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*Howry & Hayes*, for plaintiff in error.

*F. Anderson*, for defendant in error.

*H. A. Barr*, on the same side.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of debt, brought to the October term, 1846, of the circuit court of La Fayette county, upon a decree rendered at the December term, 1838, of the supreme court of the state of Tennessee, against William R. Cox, the defendant's intestate.

The only point important to be noticed, arises upon the defendant's fifth plea, which avers, that the suit was not commenced within three years after the rendition of the decree sued on, and that the said William R. Cox was at the time of the rendition of said decree a citizen of this state. To this plea the plaintiffs replied, that the said defendant as administrator, &c. on the 18th day of December, 1845, acknowledged the said debt to be due and unpaid; and that he then promised to pay the same after the sale of certain lands belonging to the estate of the deceased; and also, that the plaintiffs, in consideration of said promise, delayed suing till the sale of said land. To this replication the defendant demurred; and the demurrer was sustained.

Boyd et al. *v.* Barrenger.

The first question to be considered is, whether the plea presents a sufficient defence to the action. It says, that the suit was not commenced within three years after the decree was pronounced by the supreme court of Tennessee. We are satisfied it presents no defence to the action. It was no doubt interposed under a misconception of the statute of the 5th of March, 1846. Hutch. Code, 833. This statute has no application to judgments rendered before its passage. It merely furnishes a defence in a particular class of cases, and is to that extent an exception to the general statute, prescribing the time within which suits must be commenced in the courts of this state, on judgments rendered in a sister state. This exception is, that when the defendant was a citizen of this state, either at the time the suit was commenced or the judgment rendered against him in another state, an action prosecuted upon such judgment must be commenced within three years after it was rendered. We are, therefore, of opinion that the plea as a defence under this statute is insufficient.

The next inquiry is, whether it is sufficient under the proviso in the 14th section of the act of 1844, which is in these words: " That in all cases of such judgments or decrees, heretofore obtained, which are not now barred by the statute of limitations, the plaintiff or plaintiffs may maintain an action thereon, if the same be commenced within two years after the passage of this act, and not afterwards." The plea says, that the suit was not commenced within three years after the decree, &c. If it had averred that the suit was not commenced within two, after the passage of the act quoted, it would have been sufficient. In its present form, however, it does not contain sufficient certainty to let in the defence under the statute. It is true, the defendant was not bound to plead specially, but having elected to do so, he must observe that certainty which the rules of pleading require. We are, therefore, of opinion that the demurrer should be sustained to the plea. The defendant will have to amend his pleadings, or to file the general issue as to the first count, under which he can as to all matters make his defence.

It is deemed unnecessary to notice any other point presented

by the record, as the counsel have insisted on no other in their briefs.

Judgment reversed, and cause remanded.