T. O. BRIDGFORTH v. J. P. PAYNE ET AL.

62   777
84   410

1. CHANCERY PRACTICE. *Statute of limitations. Demurrer withdrawn. Answer filed.*

   If a demurrer to a bill in chancery invoking the protection of the statute of limitations generally be withdrawn, with leave to the defendant to rely on the same defense in his answer, and an answer be filed specially setting up the bar of the six years' statute of limitations, the defendant is restricted to the statute thus specially pleaded and cannot rely upon any other.

2. SAME. *Mistake in pleading statute of limitations.*

   A party who pleads a statute of limitations not applicable to his case cannot invoke the protection of another statute not pleaded.

3. LIMITATION OF ACTIONS. *Section 2692, Code of 1880, construed.*

   Section 2659 of the Code of 1880, which provides that "all actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after," operated on pre-existing causes of action only "from the date" when it took "effect," as provided in § 2692 of the code.

4. CHANCERY PRACTICE. *Statute of limitations. Plea by one defendant. Whether available to another.*

   In a suit against several defendants upon a joint and several obligation, one of them cannot take advantage of the defense of the statute of limitations pleaded by another.

5. CHANCERY. *Decree for distribution of testator's estate. Separate causes of action. Statute of limitations.*

   The rendition of a decree for the distribution of the assets of a testator's estate to the several legatees under the will confers upon each distributee a separate right of action for his ascertained share in the estate, and sets in motion the statute of limitations against each one not under some legal disability.

APPEAL from the Chancery Court of De Soto County.

HON. J. G. HALL, Chancellor.

On the 28th of July, 1870, James Jenkins, as executor of the last will and testament of Thomas A. Iredell, deceased, obtained an order of the chancery court for the sale of the lands belonging to the estate of the testator, for the purpose of distribution among

the legatees. On the 31st of August, 1870, the executor gave bond with Isaac Jenkins and T. O. Bridgforth, as sureties, conditioned that he should sell the land according to the directions of the court, and "pay over and distribute the proceeds thereof among those entitled to the same according to the will and the orders of the court." The sale was made by the executor on the 5th of December, 1870, and was confirmed by the court on the 24th of January, 1871. On the 27th of February, 1872, Jenkins filed his final account of his executorship, and on the 8th of May, 1872, the court rendered a decree which "confirmed and approved" the account, directed the executor to pay to the legatees, naming them, severally the amount due each, specifying the same, and declared that "when he shall pay over to the said distributees the sums hereinbefore declared to be due them, he shall be forever discharged from all liability on his trust."

Jenkins, the executor, failed to pay to the legatees the amounts due them respectively under this decree of distribution, and on the 10th of March, 1883, J. P. Payne, Lilly Totten, and others, legatees under the will of Thomas A. Iredell, deceased, and distributees under the decree referred to, filed the bill in this cause against James Jenkins, Isaac Jenkins, and T. O. Bridgforth, upon their bond given, as above stated, for the faithful application of the proceeds of the sale of lands made by James Jenkins, the executor, seeking a decree against all of the defendants and in favor of the complainants severally for the distributive share of each in such proceeds of sale, and against James Jenkins for the full amounts, with interest, due each of complainants respectively, as ascertained by the decree of distribution.

The defendants demurred to the bill on the ground that the "bill is barred by the statute of limitations as to complainants Lilly Totten, J. N. Payne, and Mary S. Stevenson." The demurrer was sustained by the court as to the latter two and as to the former was withdrawn by the defendants, "with leave to rely on the statute of limitations in their answer." Isaac Jenkins failed to answer, and a decree *pro confesso* was taken against him. James Jenkins answered, setting up the seven years' statute of limitations

" as to complainants Lilly Totten and George N. Payne," and stating that " he relies upon such statute of limitations for his defense." T. O. Bridgforth answered, setting up " the statute of limitations of six years as his defense " to the bill. The court rendered a decree in favor of the complainants and against all of the defendants. Bridgforth alone appealed.

*Powell & Buchanan,* for the appellant.

1. The Chancellor erroneously decided that the six years' statute of limitation did not bar the rights of appellees to recover of appellant upon the bond of James Jenkins. See § 2151, Code of 1871, and *Cooper* v. *Cooper,* 61 Miss. 676, and § 2669, Code of 1880.

2. There is nothing in the point made by counsel for appellees that the proceedings do not entitle appellant Bridgforth to the benefit of any other statute in this forum save that of the six years statute. The statute of limitations need not be technically pleaded in chancery ; it will be sufficient if the substantial matter which constitutes the bar be set out, and the defense may be made by demurrer, plea, or answer. See *Wilkinson* v. *Flowers,* 8 George 579. It will be observed that the defense of the statute of limitations, generally set up in his demurrer, was, by leave of court, reasserted in his answer.

3. Bridgforth's co-defendant, James Jenkins, expressly sets up the seven years' statute of limitations, and certainly this entitles appellant to the benefit of §§ 2153 and 2174 of Code of 1871, or of §§ 2674 and 2695 of Code of 1880.

4. The will of Iredell created a joint tenancy in his legatees, and some of the complainants being of age and under no disability at the time the decree for distribution was made, the statute of limitations, which then began to run, had barred them before this suit was brought, and a bar as to some is a bar as to all. *Traweek* v. *Kelly,* 60 Miss. 652 ; *Saunders* v. *Saunders,* 49 Miss. 327 ; *Jordan* v. *McKenzie,* 30 Miss. 32.

*Malone & Watson,* for the appellees.

1. Certainly appellant cannot rely successfully on the six years' statute of limitations (Code 1880, § 2669), as his counsel contend. Six years have not elapsed since said section became law. When it

was enacted the law of 1873, Acts, p. 42, was in force, and the Code of 1880 expressly continued in force said act and others of like nature.   See § 2692.

2. It will be noticed that the seven years' statute of limitations is not set up in the answer of Bridgforth nor relied on by him in any part of the record.   If relied on here (and we do not know that it will be, as we have not had opportunity to see brief of counsel) it must be raised for the first time here.   This the court will not allow.   No points not made in the court below will be considered here.   *Doe* v. *Natchez Ins. Co.*, 8 S. & M. 205 ; *Bank* v. *Martin*, 9 S. & M. 621 ; 50 Miss. 137.

In pleading the statute of limitations the particular statute relied on must be set up.   The court will not look to a statute not relied on in the pleading.   *Boyd* v. *Barrenger*, 23 Miss. 269.

COOPER, C. J., delivered the opinion of the court.

The appellant by his demurrer insisted generally upon the protection afforded by the statute of limitations without stating upon what statute he relied.   If it be conceded that under the demurrer he might have relied on any statute which existed against the demand, it would avail him nothing, for he withdrew his demurrer as to Lilly Totten, and obtained leave to raise the defense in his answer, and by the answer he specifically pleaded the bar of the statute of six years.   The suit is upon a sealed instrument, and to such the statute of seven and not that of six years applied.   Acts of 1873, p. 42.

Section 2669 of the Code of 1880 is not applicable, because six years have not elapsed since its passage.

The appellant having relied upon a statute not applicable, cannot invoke the protection of another not pleaded.   A party who pleads or replies to a statute of limitations not appropriate to the action must abide the result.   *Boyd* v. *Barrenger*, 23 Miss. 269 ; *Trustees* v. *Gilman*, 55 Miss. 148.

The appellant cannot have the advantage of the plea of the seven years' statute interposed by his co-defendant Jenkins.   The defense is a personal one and must be interposed by the party seek-

ing its protection.   The bond sued on is the joint and several obligation of the obligors.

The decree for distribution fixed the right of complainants to the fund.  Then, and not till then, the statute began to run against those who were under no disability.   The right was not a joint one under the decree.   Each distributee was entitled to a separate suit for the recovery of his or her ascertained share in the estate, and because the right was not a joint one the rule recognized in *Traweek* v. *Kelly*, 60 Miss. 652 ; *Saunders* v. *Saunders*, 49 Miss. 327, and *Jordan* v. *McKenzie*, 30 Miss. 32, does not apply.

*The decree is affirmed.*