FRANCIS C. DOWNEY v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY.

**No. 11180.**

1. ARBITRATION—*Misconduct of Arbitrator — Sufficient Defense.* The fact that one of two persons chosen to appraise the value of land and determine the sum at which the owner shall convey, and a railroad company shall pay for, it for right-of-way purposes acts from motives of partiality and bias in favor of the landowner, or misconceives his duty by supposing himself the agent or representative of such owner for the purpose of securing for him the highest possible price, and through whose partiality and misconception of duty the property is appraised at a sum largely in excess of its real value, constitutes sufficient ground for vacating the award or appraisement, or for defending an action brought for its enforcement.

2. ———— *Fraud—Limitation of Action.* Such misconduct or misconception of duty does not, however, constitute fraud in the legal sense of the term, and a right of action, or a defense based on it, is not barred by the two years' statute of limitations.

3. ———— *Limitation of Action—Pleading—Waiver.* A party who pleads a shorter period of limitation than the one applicable to the case will be held to have waived the benefit of the longer and correct one which might have been pleaded.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed May 6, 1899.   Affirmed.

*John W. Day*, and *Francis C. Downey*, for plaintiff in error.

*A. A. Hurd, O. J. Wood*, and *W. Littlefield*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action originally brought by Charles Dunn against the Atchison, Topeka & Santa Fe Railroad Company to recover a sum of money claimed to be due upon an award. The railroad company desired to purchase some town lots for right of way and other purposes, and to adjust a claim against it for damages for trespass committed by it upon the lots. The parties entered into a contract in writing, by the terms of which Dunn agreed to sell and convey and the company to buy the lots at a price to be fixed by arbitrators or appraisers of value. The appraisement was made, but the company refused to pay the amount awarded, whereupon suit was brought to enforce the terms of the agreement. This is the second time the case has been before us. (*Guild v. Railroad Co.*, 57 Kan. 70, 45 Pac. 82.) Upon the former hearing the judgment was reversed. When first presented it was entitled in the name of Guild, as administrator of the estate of Charles Dunn, as plaintiff in error. After the reversal of the case the right of action was assigned to the present plaintiff in error, Francis C. Downey. The facts out of which the controversy arose are fully stated in the report of the former decision. The second trial of the case developed no additional matter of sufficient importance to be specially noted.

As will be observed by a reading of the former decision, the railroad company claimed the benefit of certain disclosures of misconduct on the part of Whittaker, one of the arbitrators or appraisers, made in the evidence adduced upon the trial of the case, without having pleaded such conduct as a defense to the action. It was ruled, however, by a majority

of the court that "where fraud, misconduct or mistake is relied upon as a ground for setting aside an appraisal of land duly made by appraisers selected in accordance with the agreement of the parties, it must be pleaded." After the case was remanded to the district court for a new trial, the railroad company amended its answer by alleging that the award or appraisal was fraudulently made by the arbitrators or appraisers, through collusion with Dunn, the former plaintiff and owner of the lots, for the purpose of extorting from the railroad company a sum of money greatly in excess of the real value of the property. Without quoting this portion of the answer, it is sufficient to say that the plaintiff in error claims in his argument, and we think correctly, that the allegations were too general in their terms to constitute a charge of fraud. The answer in respect to this matter was principally made up of animadversions upon the conduct of the arbitrators, or appraisers, in overestimating the value of the town lots and of conclusions of fact rather than the facts themselves. The answer, so far as it consisted of allegations of fact, amounted to a charge of misconduct and partiality, or partizanship, upon the part of the arbitrators. Such parts of this portion of the answer as conformed to the rules of pleading can perhaps be fairly stated in the language of one of the findings of fact made by the court below.

"In the making of said appraisement said J. B. Whittaker considered that he was acting for and on behalf of said Charles Dunn, and was endeavoring to obtain for him the highest price possible for said land ; that during the meetings of said Whittaker and said Jewell as appraisers, or arbitrators, Charles Dunn was frequently present and counseled and advised with said J. B. Whittaker in regard to said matter."

The award or appraisement was made in January,

1891.   The action to enforce the award or compel the payment of the appraisement was commenced April 7, 1891, and the amended answer, which attempted to plead the fraud of the arbitrators, was filed September 19, 1896.   To the allegations of fraud in the amended answer the plaintiff replied by setting up the two years' statute of limitations.   Upon the pleadings as they formerly stood and as amended in the particular noted a second hearing was had.   The trial was to the court without a jury.   Findings of fact were made and judgment rendered in favor of the railroad company, and the plaintiff prosecutes error to this court. In addition to the finding above quoted, one other only need be noted, which was as follows : ''At the time of the commencement of the suit referred to, defendant company knew of the appraisement or award hereinbefore referred to, and knew of the circumstances under which the same was made.''   Some of the questions presented to the court and disposed of on the former hearing are again discussed, but in the view we have of the case we are not required to reexamine them or to determine the binding effect of the former decision.

The single necessary question now before us arises upon the amended answer setting up the misconduct of the arbitrators or appraisers, and the plaintiff's reply of the statute of limitations.   More than five years had elapsed since the occurrence of the claimed misconduct and the filing of the amended answer of the railroad company in which the misconduct was for the first time pleaded.   Indeed, more than five years had elapsed since the commencement of the action before the amended answer was filed, and the court below in the finding last above quoted states that at the commencement of the action the railroad company knew of the circumstances under which the

appraisement, or award, was made. Whether by this is meant knowledge upon the part of the railroad company of the misconduct of the arbitrators, or appraisers, may be questionable. It was probably intended as a finding of such knowledge but its language is not clear in meaning. However, no question as to its meaning has been raised by the railroad company, and we will assume that it is to be understood as a finding of knowledge upon the part of the company in the particular mentioned.

The inquiries presenting themselves are these : Under the pleadings, was the defense of misconduct by the arbitrators barred by the statute of limitations, and if by any statute, by which one—that of two years or that of five years? We suppose the right of the railroad company to institute an action to set aside the appraisement, or award for the misconduct of the arbitrators, or appraisers, will not be questioned. It might have taken the initiative and brought an action to vacate the award. ( Russell, Arbitr. 663.) This it would have been compelled to do within some statutory period of limitation. The same obligation rested upon it when it chose to assert its right defensively that rested upon it to assert it affirmatively. "When a right of action is barred by the provisions of any statute it shall be unvailing either as a cause of action or ground of defense." (Gen. Stat. 1897, ch. 95, § 19 ; Gen. Stat. 1889, ¶ 4102.) In its controversy with the plaintiff and his assignee, the railroad company did not choose to found a right of action against the plaintiff upon the misconduct of the arbitrators, or appraisers, but chose to use it as a ground of defense to plaintiff's action, but it did not do so until the longest period of statutory limitation applicable to the case had fully run. If, therefore, the plaintiff in his reply has set up the period of limitation appli-

cable to the case, the railroad company's defense of misconduct is unavailing.

Did the plaintiff plead in his reply the period of limitation applicable to the case, and if he did not, what is the consequence? These questions are but slightly touched upon by the counsel for either side, but in our view they are the controlling questions of the case, and to them we have given much thought, in the light of the authorities. Our conclusion is that the plaintiff did not set up the period of limitation applicable to the case, but instead thereof set up a shorter one, and by so doing must be regarded as having altogether waived the statute of limitations as a reply to the defendant's answer. The failure of the plaintiff to plead the proper statute arose from a misconception of the character of the misconduct attributed to the arbitrators or appraisers by the defendant in its answer, and found by the court to have occurred. The arbitrators or appraisers were not charged or found to have been guilty of fraud. They were charged with partiality and favoritism for Dunn, the original plaintiff, and charged with having awarded to him, through their partiality and favoritism, a sum of money largely in excess of a just allowance. Under this charge, the court found as a fact that Whittaker, one of the arbitrators, misconceived his duty by supposing that he was acting for and in the interest of Dunn, and in endeavoring to secure for him the largest possible price for the lots, and the court also found that during the work of appraising the lots Dunn frequently counseled and advised with Whittaker concerning the matter. The court also determined, in a finding not necessary to quote in full, that the amount of the award, or appraisement, was largely in excess of the fair value of the property.

It was a grievous misconception upon the part of

Whittaker to suppose himself to be the representative, or agent, of Dunn, and it was highly improper for him to hold converse with Dunn about the subject-matter of the arbitration, but neither of these things constituted what the law terms fraud. Fraud is deception or artifice by which disadvantage results to one who has a right to rely upon openness, candor, and fair dealing. (Bouv. Law Dict., tit. Fraud.) It is not deception or artifice by one whose duty is to make a just appraisement to disregard that duty and make an unjust appraisement, even though it be done through corrupt and dishonest motives. It is a violation of trust, or misconduct in office, but it does not constitute fraud in the sense of its legal definition. Whittaker practiced no arts of deception upon the railroad company; he made no false representations to it; he did not deceive it as to what he had done or would do; he falsified as to no fact by which the company was led to do differently from what it would otherwise have done. He simply misconceived his duty in the premises, or, to state it as strongly as can be in any aspect of the case, he betrayed his trust. There are many ways by which a judge or an arbitrator bound to impartiality of duty may be guilty of fraud in its proper legal sense, but simply to render a judgment or make an award for a larger sum of money than the evidence justifies, even though from motives of partiality, is not one of them, because there has been no deception or artifice — there has been only injustice of decision.

Cases have occurred in which awards have been set aside on account of actions similar to those attributed to the arbitrator Whittaker in this case. In such instances, however, the conduct of the arbitrator has been characterized as "misbehavior," "misconduct,"

"partiality," "bias," or "partizanship." (*Bash v. Christian*, 77 Ind. 290; *The Wheeling Gas Co. v. The City of Wheeling*, 5 W. Va. 448; *Brown v. Harper*, 54 Iowa, 546, 6 N. W. 747.) Such behavior, misconduct, partiality or bias constitutes sufficient ground to set aside an award or appraisement of land values such as was had in this case, and it constitutes a good defense to an action to enforce the award, or appraisement, brought by the one in whose favor it was made. The authorities are numerous and uniform to this effect.

To return, however, to the question of the period of limitation applicable to the case. It follows from the fact that the misconduct of the arbitrator Whittaker was not in its legal sense fraud, the plea in the plaintiff's reply of the two years' statute of limitations was unavailing. Had the defendant brought an action to set aside the award, it would have been, in the language of the sixth subdivision of section 12, chapter 95, General Statutes of 1897, "an action for relief not herein provided for." Relying upon the statute defensively, as the railroad company did, its character, of course, is the same. Whether pleaded affirmatively or defensively, it must be done, in the language of the subdivision above mentioned, "within five years from the time the cause of action shall have accrued." The statutory period, therefore, which bars actions to vacate awards, or which bars defenses to such actions upon the grounds stated in the defendant's answer in this case, is five years, and had the plaintiff pleaded such period of limitation his reply would have been good. However, he did not do so, and his reply in this particular was bad. Under all the authorities we have been able to find, a plea of a shorter period of limitation than the one applicable to

the case is no plea at all; it is in effect a waiver of the longer and proper period of limitation which might have been alleged.

In *Bridgeforth v. Payne et al.*, 62 Miss. 777, a six years' statute of limitation was pleaded as a defense to an action to which a statute of seven years was applicable. The court held the plea of the shorter period unavailing, and remarked in the opinion, among other things, that " the appellant, having relied upon a statute not applicable, cannot invoke the protection of another not pleaded. The party who pleads or replies to a statute of limitations not appropriate to the action must abide the result. (*Boyd v. Barrenger*, 23 Miss. 269; *Trustees v. Gilman*, 55 Miss. 148.)"

In *Hunter et al. v. Hunter et al.*, 50 Mo. 445, the court ruled that " a plea of the statute of limitations which only sets up a bar by lapse of five years is not a good plea of a bar by ten years "; and in the opinion it was remarked: "Even if ten years had expired, the plea only set up the five years and not the ten years, so there was no proper plea of the ten years' bar set up in this suit." In *Murphy v. De France*, 105 Mo. 53, 15 S. W. 949, and 16 S. W. 861, the case of *Hunter et al. v. Hunter et al.*, supra, and other cases to the same effect, were reaffirmed.

In *Bruce v. Baxter*, 7 Lea (Tenn.) 477, a statute of three years was pleaded to an action controlled by one of six years. The court, among other things, remarked: " We need scarcely cite authorities to refute the argument of the respondent, so earnestly pressed upon us, that he can have the benefit of the statute of limitations of six years without having claimed it in his defense by answer or plea. The law has been too long settled the other way in our state to be shaken, and we think correctly."

In *Retzer v. Wood*, 109 U. S. 185, 3 Sup. Ct. 164, it was held that, in the absence of a statutory rule to the contrary, the defense of a statute of limitations which is not raised either in pleading or on the trial, or before judgment, is of no avail.

Statutory limitations upon rights of action or grounds of defense, while now looked upon with more favor than formerly, are not regarded with sufficient favor to justify the courts in correcting the mistakes of a party endeavoring to interpose them as shields against his adversary. Certainly the courts cannot give to a party the benefit of a statute of limitations which he has not chosen to plead. Certainly they cannot give him the benefit of the longer statutory period applicable to his case which he did not plead, in lieu of the shorter period not applicable, but which he has nevertheless pleaded. In such case he will be deemed to have waived the statute of limitations as a defense or as a reply, the same as though no statute at all had been pleaded.

It follows from the fact that the award, or appraisement, was tainted with the misconduct and partizanship of one of the arbitrators in the respect mentioned that it cannot be made the basis of a suit for its enforcement. Its infirmity in that respect lies at the very foundation of the plaintiff's action. Any errors which the court may have committed in the trial of the case, unconnected with the question of the validity of the award, will not, therefore, constitute grounds for the reversal of the judgment. Quite a number of such claims of error have been forcibly pressed upon our attention, and although we have given them attention in the study of the case, we deem it unnecessary to express an opinion concerning them. We do not wish to be understood, however, as holding the

plaintiff in error remediless for the failure of the defendant in error to pay for the town lots taken by it, or for damages for the trespass committed by it. If there has been a trespass upon the town lots, or if the defendant in error has appropriated them, the facts may be ascertained and the law may yet afford relief; or for aught we know the written agreement to submit to arbitration may still be in force, and under it the parties may still be entitled to select new arbitrators, or appraisers, and secure thereby a valid award, or appraisal.

However, for the reasons above given, the judgment of the court below will be affirmed.