Argued February 1, reversed and remanded April 11, 1922.

## BRANCH v. LAMBERT.

### (205 Pac. 995.)

**Work and Labor—Stepson can Recover for Services Where Step-father Expressly Contracted to Pay Therefor.**

1. A stepson could recover for services rendered stepfather, performed by him as a member of the stepfather's family, where there was an express contract to pay therefor, notwithstanding presumption that such services were rendered gratuitously.

**Executors and Administrators—Claimant Suing Administrator for Services Performed for Intestate not Bound by Dates Stated in Claim.**

2. Claimant, suing administrator under Sections 386, 387, Or. L., for services rendered intestate on same contract as that alleged in the claim which had been filed against the estate was not bound by the dates stated in the claim, but could plead and recover for services performed prior thereto.

**Executors and Administrators—Action Against Administrator must be Based upon Claims Presented to and Disallowed by Him.**

3. An action against an administrator authorized by Sections 386, 387, Or. L., must be based upon the claim presented to and disallowed by the administrator, and the claimant cannot recover on evidence showing an entirely different claim.

**Executors and Administrators—Claims of Long Standing Scrutinized With Care.**

4. Claims of long standing against an estate should be scrutinized with care, and should not be allowed unless established by strong and convincing proof.

**Trial—Refusal to Charge That Strong and Convincing Proof was Required to Establish Claim Held not Error in View of Other Instructions.**

5. In action against administrator for services rendered intestate, refusal to charge that claims of long standing filed against an estate should be scrutinized with care, and should be established by strong and convincing proof, *held* not error in view of other instructions that the testimony of the claimant was not sufficient, and that other material and competent testimony supporting and corroborating that given by claimant was essential to establish

claim, in view of Section 1241, Or. L., and that the jurors were the judges of the effect of the evidence under Section 868.

Executors and Administrators—Actions Against Executors and Administrators Governed by General Rules as to Burden and Degree of Proof.

6.  Under Sections 810, 868, Or. L., actions against executors and administrators are governed by the general rules that in civil actions the party having the affirmative of the issue shall produce the evidence to prove it, and that, when the evidence is contradictory, the findings shall be in conformity with the preponderance of the evidence.

Executors and Administrators—Claimant's Testimony must be Corroborated by Other Competent and Material Testimony Sufficient in Itself to Carry Case to Jury.

7.  In an action against an administrator for services rendered intestate, the plaintiff is required to prove his claim by material and competent testimony supporting and corroborating that given by himself, sufficient, aside from that given by claimant, to carry the case to the jury.

Executors and Administrators—Action Against may be Brought Within Six Months After Granting of Letters Where Limitations Would have Expired After Death of the Debtor.

8.  When the time limited by statute for bringing an action would otherwise expire subsequent to the death of the debtor, and before the appointment of his personal representative, the creditor has the right to bring action within six months after letters of administration have issued under Sections 386, 387, Or. L.

Executors and Administrators—Running of Limitations Suspended After Granting of Letters Testamentary or of Administration.

9.  Where a claim is not barred by limitations at the time of testator's death under Section 1241, Or. L., the running of the statute is suspended until six months after the granting of letters testamentary, or of administration, under Sections 386 and 387.

Limitation of Actions—Right of Action for Continuous Services Accrued at Completion of Services in Absence of Stipulation as to Subsequent Date.

10.  Where a claim for labor and services and the matters specified therein are the outgrowth of continuous labor and services, the demand will be regarded as an entire contract, and the right to bring action thereon accrues at the completion of the services, or at the time the claimant ceased to render services, unless a later date has been fixed by the parties.

Contracts—Obligation Payable When Land is Sold is Payable at Expiration of Reasonable Time for Effecting Sale.

11.  An obligation which is payable when certain land is sold is payable at the expiration of a reasonable time for effecting the sale, as determined under the circumstances of the particular case.

11.  On time of payment of obligation purporting to be payable on specified event, the happening of which is wholly or partially within the control of the promisor, see note in **L. R. A.** 1917B, 1050.

Limitation of Actions—Right of Action for Breach of Contract for Services on Sale of Land Accrued on Termination of Services After Expiration of Reasonable Time for Effecting Sale.

12.   Where owner of land agreed to pay for services on sale of the land and services were rendered for more than a reasonable time for effecting the sale of the land, the right of action for breach of such agreement accrued on the completion of the services.

Executors and Administrators—Failure to Present Claim to Administrator Does not Toll Statute of Limitations.

13.   The failure to present a claim to an administrator does not toll the statute of limitations.

Executors and Administrators—Plea of Shorter Period of Limitation Than That Applicable Held Insufficient.

14.   Administrator's plea that action against him had not been brought within six years after plaintiff's cause of action accrued *held* insufficient, where the period of limitations was six years the time which expired between the death of the decedent and the expiration of six months after letters of administration issued.

Limitation of Actions—Defense of Limitations Waived Where not Pleaded.

15.   Under Section 72, Or. L., the defense of the statute of limitations is waived by failure to plead it.          .

Limitation of Actions—Personal Representative Waives Defense of General Statutes of Limitation, but not Special Statutes by Failure to Plead.

16.   In the absence of a special statute, an executor or administrator waives the bar of the general statute of limitations by failure to plead the defense subject to the right of creditors, heirs, devisees and legatees to question the accounts of the personal representative in case of fraud or negligence, but does not waive the defense of a statute of nonclaim, or a special statute of limitations applicable to claims against the estate of a deceased person by failure to specially plead them.

Executors and Administrators—Only a Subsisting Liability in Favor of Claimant can be Allowed.

17.   Before an administrator can allow a claim against the estate which he represents, the claim presented must show a subsisting liability in favor of the claimant.

Limitation of Actions—Administrator cannot Waive Statute of Limitations.

18.   Under Section 1241, Or. L., prohibiting allowance of claim barred by the statute of limitations, an administrator sued for services rendered intestate could not waive the bar of the statute of limitations.

---

16.   On waiver or tolling of the statute of limitations or nonclaim by personal representative as to an indebtedness of the estate, see notes in **Ann. Cas.** 1912A, 6; **L. R. A.** 1915B, 1016.

From Marion: PERCY R. KELLY, Judge.

Department 2.

This is an appeal from a judgment obtained by plaintiff against the defendant as administrator of the estate of Nicholas Lambert, deceased. Plaintiff's action is based upon two claims presented to the defendant, as such administrator, and rejected by him.

One of said claims is for $2,000, alleged to be the reasonable value of labor and services stated in the claim to have been performed by plaintiff for said deceased, at the instance and request of the latter, on and between the fifteenth day of February, 1904, and the first day of October, 1914, for which it is alleged the deceased promised and agreed to pay when he sold the farm upon which deceased and claimant were then living; the other claim is for $1,000, alleged to be the reasonable value of labor and services stated in the claim to have been performed for said deceased by Mrs. Arthur Branch, the wife of plaintiff, on and between the first day of October, 1911, and the first day of October, 1914, for which it is alleged, the deceased promised and agreed to pay at the time that he sold the farm upon which deceased and Mrs. Arthur Branch, the claimant, were then living.

Nicholas Lambert died on or about the tenth day of November, 1916; and thereafter on the seventeenth day of November, 1916, letters of administration upon the estate of the deceased issued to defendant; the claims above mentioned were presented on the twentieth day of January, 1920, and were disallowed and rejected on the thirty-first day of January, 1920.

The claim of Mrs. Arthur Branch was assigned to the plaintiff after having been rejected by defendant, and this action was commenced on the twenty-fifth day of February, 1920.

The claim for services rendered deceased by plaintiff is the basis of plaintiff's first cause of action, and his second cause of action is based upon the claim of Mrs. Arthur Branch, his wife. In his complaint, plaintiff alleges that the services performed by him for deceased, and embraced in the claim presented by him to defendant as administrator, were performed continuously on and between the fifteenth day of February, 1898, and the first day of October, 1914; and that the labor and services performed by his wife, and embraced in the claim presented by her to the defendant as administrator, were performed continuously on and between the first day of October, 1908, and the first day of October, 1914.

Defendant, by his answer, interposed a general denial to the allegations of plaintiff's complaint, and as a further and separate defense to each cause of action set forth therein, alleged that the plaintiff's alleged cause of action "did not accrue within six years before the commencement of this action."

It appeared from the evidence in the case that Nicholas Lambert, deceased, and plaintiff's mother were married while plaintiff was quite young, and that plaintiff lived with his stepfather, as a member of the family until October, 1912; that in 1905 plaintiff married, and he and his wife continued to reside with the deceased until 1912, when plaintiff and his wife moved away some distance to a farm which plaintiff had purchased; that by reason of physical infirmities and old age, Nicholas Lambert, early in

the year 1913, became incompetent to transact his own business and in February, 1913, the defendant was appointed guardian of the person and estate of the said Nicholas Lambert, and continued to act as such until the death of deceased, November 10, 1916; that during the life of Nicholas Lambert, no claim was presented to him nor to the defendant, as his guardian, for any of the services for which recovery is sought in this action, and no claim was presented either by plaintiff or his wife to the defendant, as administrator of the estate of the deceased, until more than three years had elapsed after the issuance of letters of administration to said defendant.

On the trial of the cause plaintiff introduced evidence, sufficiently corroborated to entitle it to be submitted to the jury, that in 1899 or 1900 the deceased expressly promised and agreed that if the plaintiff would stay upon the farm and continue to do the work he had been doing, and such other work as was necessary to be done in operating and keeping up the place, deceased would pay him, in addition to one half of the grain crops raised upon the place, the reasonable value of his services, when he sold the farm. The evidence shows that decedent then had an intention of selling the farm, and to that end made certain improvements about the farm, and offered it for sale; that pursuant to this latter arrangement, plaintiff repaired fences and assisted in building new fences upon the premises, assisted in building a house and barn and granary and sheds thereon, dug drainage ditches, put in the crops and looked after harvesting them, assisted the decedent with his hogs and stock, milked from four to ten, or more, cows, marketed the cream, occasionally looked after the stock upon

another farm owned by decedent, and generally performed the duties of a man of all work upon a farm continuously from that time up until October, 1912; that from 1905, when plaintiff married and brought his wife to reside with the deceased, the wife of plaintiff did the housework, helped milk the cows and otherwise aided about the farm; that she rendered special services to deceased about the year 1908, when he was suffering from granulated eyelids, by putting medicine in his eyes several times a day; that she rendered further services in waiting upon deceased and attending to and nursing him for about a year during which time he suffered from dizzy spells as the result of a sunstroke; in 1911, the deceased was attacked by a bull and severely injured, from which injury he never fully recovered; that plaintiff's wife during this illness, and until plaintiff and his wife left the home of deceased in 1912, nursed and waited upon the deceased when he required such attention, which was frequently. Evidence was introduced that deceased promised and agreed to pay plaintiff's wife for all the services which she rendered to deceased. The evidence does not disclose when such payment was to be made. Between 1905 and 1912 there were four children born to plaintiff and his wife.

Defendant offered evidence that the plaintiff received from the deceased for his service one half of the proceeds received from the sale of cream, in addition to one half of the grain crop, and that as a result of settlement and adjustment arrived at between the deceased and plaintiff, the latter received two thirds of the grain crop raised in 1911. Plaintiff admitted that he received one half of the proceeds received from the sale of the cream during the last

six months he was upon the premises, but denied the receipt of any other moneys from the sale of cream, except a few dollars once in a while, gratuitously given him by the deceased when the cream checks were larger than usual. Plaintiff also admitted the receipt of two thirds of the crop in 1911, but contended the same was to compensate him for hay he had furnished to the deceased. The jury found for plaintiff in the sum of $1,700.

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. McNary, McNary & Keyes,* with oral arguments by *Mr. John H. McNary* and *Mr. James G. Heltzel.*

For respondent there was a brief over the name of *Mr. V. A. Goode,* with an oral argument by *Mr. Walter C. Winslow.*

McCOURT, J.—1. At the conclusion of the taking of testimony in the case, the defendant moved the court to return a verdict for the defendant, for the reason that plaintiff had failed to introduce any evidence tending to show that a contract existed between plaintiff and Nicholas Lambert, deceased, for the performance or payment of the services set forth in the complaint. Defendant sought by this request to have the court apply to the evidence, the rule that services performed by one member of a family or household for another are presumed to be rendered gratuitously, and that compensation therefor cannot be recovered unless an express contract to pay for the same is shown, or circumstances from which it appears that payment therefor was intended

and expected to be made in some manner: *Wilkes* v. *Cornelius,* 21 Or. 341, 347 (23 Pac. 473); *Bennett* v. *Stephens,* 8 Or. 444; *Ingram* v. *Basye,* 67 Or. 257 (135 Pac. 883).

The rule mentioned does not apply in this case, as there was evidence to support the allegations of plaintiff's complaint, that an express contract was made by the decedent to pay for the services for which recovery is sought.

2. Defendant requested the court to instruct the jury that plaintiff could not recover for any services performed by himself for the decedent prior to February, 1904, and that he could not recover for any services rendered by his wife to the decedent, claimed to have been performed prior to October, 1911, the dates set forth in the claims presented to the administrator, as the commencement of the services respectively of plaintiff and his wife.

Plantiff alleged in his complaint that the services which he performed for decedent commenced in February, 1898, and that the services performed by his wife commenced in October, 1908, and evidence was offered to establish the beginning of the respective services as of those dates. Defendant contends that the evidence, so far at it tended to prove services performed prior to the dates set forth in the claims, referred to services not embraced in the claims, and that it was error for the court to permit the jury to consider the same.

3. The action against an administrator, authorized by Sections 386 and 387, Or. L., is based upon the claim presented to the administrator and disallowed, and the claimant cannot recover on evidence showing an entirely different claim: *Wilkes* v. *Cornelius,* 21 Or.

348, 352 (23 Pac. 473); *Zachary* v. *Chambers,* 1 Or. 321.

The proof offered by the claimant must be directed to the establishment of the services, and the value thereof, stated in the claim presented to the administrator, and neither the claim nor the pleadings can be amended to allow proof of an entirely new or different claim: *Lichtenberg* v. *McGlynn,* 105 Cal. 45 (38 Pac. 541); *Etchas* v. *Orena,* 127 Cal. 588 (60 Pac. 45); *Bechtel* v. *Chase,* 156 Cal. 707 (106 Pac. 81); *Barthe* v. *Rogers,* 127 Cal. 52 (59 Pac. 310).

The claimant, however, is not required to confine his evidence to the exact dates and amounts set forth in his claim. It is sufficient if the claim shown by the evidence is substantially the claim presented to the administrator: 11 R. C. L. 198; *Taylor* v. *Thieman,* 132 Wis. 38 (111 N. W. 229, 122 Am. St. Rep. 943); *Dayton* v. *Estate of Dakin,* 103 Mich. 65 (61 N. W. 349); *Field* v. *Field,* 77 N. Y. 294; *Enscoe* v. *Fletcher,* 1 Cal. App. 659, 662 (82 Pac. 1075); *Pollitz* v. *Wickersham,* 150 Cal. 238 (88 Pac. 911, 916).

The claims disclosed by plaintiff's evidence varied only from those presented to the administrator as to the dates that the alleged services began and ended. Both the complaint and claim alleged the performance of continuous services under an entire contract as to each cause of action set forth in the complaint, and the evidence tended to establish the performance of the services referred to in the claims and under the identical contracts stated in the claims; consequently there was no material variance between the proof and the claims, and no error was committed by the court in refusing to instruct the jury as requested by defendant.

4, 5. Defendant assigns as error the refusal of the court to instruct the jury as follows:

"I charge you further, gentlemen of the jury, that claims of long standing, when filed against an estate of a decedent should be scrutinized with care, and in such cases strong and convincing proof should be required before allowing the same."

The language of this request was taken from the case of *Scott* v. *Merrill's Estate,* 74 Or. 568, 573 (146 Pac. 99), and expresses a firmly established rule of public policy, which must be observed by executors and administrators, and by courts and juries as well, in determining the existence of claims presented against the estate of a deceased person: 24 C. J. 866.

6. Notwithstanding that rule, actions against executors and administrators are governed by the general rules, that in civil actions the party having the affirmative of the issue shall produce the evidence to prove it, and when the evidence is contradictory, the finding shall be in conformity with the preponderance of evidence: 24 C. J. 857; Or. L., §§ 810, 868.

Recognizing that it is essential to the protection of estates of deceased persons, that claims against the same shall be maintained by evidence which is more cogent than would suffice to sustain a like claim against a living person, the legislature has established the requirement:

" * * that no claim which shall have been rejected by the executor or administrator * * shall be allowed by any court, referee, or jury, except upon some competent or satisfactory evidence other than the testimony of the claimant." Or. L., § 1241.

By the statutory provision quoted, the legislature has prescribed the evidence essential to constitute a compliance with the rule embraced in defendant's

requested instruction, and which is indispensable to establish a claim against the estate of a deceased person or to create a preponderance of evidence in cases where the same is required.

This statute has been construed to mean that besides the testimony of the claimant, there must be other material and pertinent testimony supporting that given by the claimant sufficient to go to the jury, and on which it might find a verdict: *Goltra* v. *Penland,* 45 Or. 254 (77 Pac. 129); *Consor* v. *Andrew,* 61 Or. 483 (123 Pac. 46); *Bull* v. *Payne,* 47 Or. 580 (84 Pac. 697).

7. The rule embodied in defendant's requested instruction is met when the testimony of the claimant in support of his claim is corroborated by competent or satisfactory evidence, other than the testimony given by the claimant, which corroborative testimony is in itself sufficient to go to the jury, and on which it might find a verdict. The court clearly instructed the jury that the testimony of the claimant in itself alone was not sufficient to warrant a verdict for plaintiff, and that there must be other material and competent testimony, supporting and corroborating that given by the claimant, and that such corroboration was essential, in order to warrant a verdict in favor of plaintiff.

The court also cautioned the jury as directed in Section 868, Or. L. The instruction thus given, in effect advised the jury as requested, and did so to the extent and in the manner authorized by our statutes: *Gauss* v. *Trump,* 48 Mont. 92 (135 Pac. 910).

Defendant moved the court to direct the jury to return a verdict for the defendant, for the reason that more than six years and six months had expired

after the last of such services were performed before the presentation to the administrator of the claims sued upon, and there is no evidence that plaintiff or his assignor have rendered any services whatsoever to the said Nicholas Lambert, deceased, within the times mentioned in their duly certified claim introduced herein.

The court overruled the request to direct a verdict, and instead thereof, instructed the jury in substance that if they found that Nicholas Lambert agreed that he would make payment for the alleged services when he sold the farm, such agreement would carry with it the assumption on the part of Nicholas Lambert to sell within such reasonable time as the circumstances would permit, and that if the jury found that a reasonable time for Nicholas Lambert to make the sale of his farm, under all the circumstances as disclosed by the evidence in the case, had elapsed more than six years and six months prior to the appointment of the defendant as administrator, plaintiff's action would be barred, and they must find for the defendant, but if they found that a reasonable time within which to make such sale elapsed before the death of Nicholas Lambert, but less than six years and six months prior to the appointment of an administrator, plaintiff's action was not barred.

Defendant predicates error upon the refusal of the court to direct a verdict as requested and upon the instructions given the jury concerning the statute of limitations. The statute provides that:

"An action may be commenced against an executor or administrator at any time after the expiration of six months from the granting of letters testamentary or of administration, and until the final settlement of the estate and discharge of such executor or adminis-

trator from the trust, and not otherwise." Or. L. § 386.

But such action will not be commenced until after the claim of plaintiff has been duly presented to such executor or administrator, and by him disallowed: Or. L., § 387.

8. No claim may be allowed by the executor or administrator which is barred by the statute of limitations prior to the death of the decedent, nor will such a claim support an action based thereon (Section 1241, Or. L.). But when the time limited by the statute for bringing an action expires subsequent to such death, the statutes (Sections 386 and 387, Or. L.) preserve to a creditor the right to bring an action within six months after letters of administration have issued, when the time limited would otherwise expire subsequent to the death of the debtor and before the appointment of his personal representative: *Blaskower* v. *Steel*, 23 Or. 106 (31 Pac. 252).

9. The allowance of six months after the issuing of letters of administration before an administrator can be sued is a statutory prohibition within the meaning of Section 20, Or. L., and has the effect of suspending the operation of the statute during that time, so that in cases where the limitation expires subsequent to the six months' period, the claim of the creditor is not barred until the lapse of six years and six months from the date upon which the right of action accrued: *Blaskower* v. *Steel*, 23 Or. 106 (31 Pac. 252).

In the case of *Morgan's Estate,* 46 Or. 233 (77 Pac. 608, 78 Pac. 1029), Mr. Justice BEAN, speaking for the court, said:

"During the first six months after the granting of letters one holding a claim against an estate, except possibly when it comes within the provisions of Sec-

tion 18, is prohibited from suing thereon in any event; * * He must, of course, present his claim before it is barred by the statute of limitations, otherwise the executor or administrator is not authorized to allow it." (Section 1241, Or. L.)

"The statute cannot be tolled by a mere failure to present the claim. After it has been presented, how-ever, the claimant is prohibited from suing thereon until it is disallowed, and the operation of the statute will be suspended during the time of such prohibition: *Blaskower* v. *Steel,* 23 Or. 106 (31 Pac. 253); *Nally* v. *McDonald,* 66 Cal. 530 (6 Pac. 390); 19 Am. & Eng. Ency. Law (2 ed.), 216."

10. Where a claim is made for labor and services, and the matters specified therein are the outgrowth of an entire contract for continuous labor and services, the demand will be regarded as an entire contract, and the right to bring an action thereon accrues at the completion of the services or at the time the claimant ceased to render the services upon which the claim is based, unless a later date for payment has been fixed by the parties to the contract: 17 R. C. L. 797; *Eliot* v. *Lawton,* 7 Allen (Mass.), 274 (83 Am. Dec. 683).

11. An obligation which is payable when certain land is sold is payable at the expiration of a reasonable time for effecting the sale: *Noland* v. *Bull,* 24 Or. 479 (33 Pac. 983); *Hood* v. *Hampton Plains Exploration Co.,* 106 Fed. 408; *Crooker* v. *Holmes,* 65 Me. 195 (20 Am. Rep. 687); *Hughes* v. *McEwen,* 112 Miss. 35 (72 South. 848, L. R. A. 1917B, 1048, and case note, p. 1050).

What is a reasonable time for effecting the sale depends upon the circumstances of the particular case: *Hood* v. *Hampton Plains Exploration Co.,* 106 Fed. 408, 411.

In the instant case the evidence showed that the promise of the deceased to pay plaintiff for his services when he sold the farm was made in 1899 or 1900; plaintiff ceased to perform services in October, 1912, more than twelve years after the promise was made. No exceptional circumstances were shown which might have prevented a sale of the premises. Under ordinary conditions, a reasonable time within which to sell a farm such as that disclosed by the evidence, is much less than twelve years, and as a matter of law, a reasonable time for effecting the sale expired a considerable length of time before plaintiff ceased to render services, and the event upon which payment was to be made expired before the services contracted for were completed.

12. Regarding the services rendered by plaintiff for the deceased as a performance of an entire contract, plaintiff's right of action did not accrue until he had ceased to render services, as the contract was not completed until that time. The date upon which payment became due depended upon two events—the expiration of a reasonable time to effect a sale of the farm and the completion of the services. Payment did not become due until both events had happened. A reasonable time for the sale of the farm elapsed before the services ceased, so the date at which the cessation of services occurred fixed the time when plaintiff's right of action accrued. Plaintiff ceased to render services and thus completed his contract in October, 1912. Nicholas Lambert died November 10, 1916, at which time four years and approximately one month had elapsed since plaintiff's right of action accrued; letters of administration issued to defendant on November 17, 1916; the statute of limitations was suspended from the date of the death of the decedent

until the lapse of six months after letters of administration were issued, which was May 17, 1917. The statute of limitations therefore barred plaintiff's right of action about May 1, 1919; plaintiff's claims were not presented to the administrator until January 20, 1920, and this action was not commenced until February 25, 1920.

13. The failure to present a claim to the administrator does not toll the statute: *Morgan's Estate,* 46 Or. 233 (77 Pac. 608, 78 Pac. 1029). So the claim was barred when presented to the administrator and before this action was commenced.

14. Defendant attempted to plead the statute of limitations, but alleged that the action had not been brought within six years after plaintiff's cause of action accrued, while the period of limitations was six years plus the time which expired between the death of the decedent and the expiration of six months after letters of administration issued. The authorities hold that a plea of a shorter period of limitation than the one applicable to the case is no plea at all: *Downey* v. *Atchison, T. & S. F. R. Co.,* 60 Kan. 499 (57 Pac. 101); *Bridgforth* v. *Payne,* 62 Miss. 777; *Hunter* v. *Hunter,* 50 Mo. 445; *Bruce* v. *Baxter,* 7 Lea (Tenn.), 477.

15. The defense of the statute of limitations is waived by failure to plead the same: Or. L., § 72; *Davis* v. *Davis,* 20 Or. 78 (25 Pac. 140); *Hawkins* v. *Donnerberg,* 40 Or. 97 (66 Pac. 691); *Ausplund* v. *Aetna Indemnity Co.,* 47 Or. 10 (81 Pac. 577, 82 Pac. 12); *Creason* v. *Douglas County,* 86 Or. 159 (167 Pac. 796).

16. In the absence of a special statute, the failure of an executor or administrator to plead the bar of the general statute of limitations waives that defense the

same as like failure upon the part of a private litigant, subject to the right of creditors, heirs, devisees and legatees to question the accounts of the personal representative in cases of fraud or negligence: 11 R. C. L. 216; 24 C. J. 837; Woerner, "The American Law of Administration" (2 ed.), § 401; *Dern* v. *Olson,* 18 Idaho, 358 (110 Pac. 164). The case last cited is reported in Ann. Cas. 1912A, 1, and L. R. A. 1915B, 1016, in both of which publications an extensive note follows the reported case.

While an administrator may waive the defense of the general statute of limitations by failure to plead the same, it is quite uniformly held that an administrator does not and cannot waive a statute of nonclaim or a special statute of limitations applicable to claims against the estate of a deceased person by failure to specially plead them.

A number of states have statutes like the Oregon statute, which prohibits an administrator or executor from allowing any claim against the estate he represents that is barred by the statute of limitations, and the courts of those states construing such statutes, hold that the failure to plead the statute of limitations in an action brought upon a claim does not waive the same, and that it is the duty of the court to give effect thereto at any stage of the proceedings when the matter is brought to its attention: *Reay* v. *Heazleton,* 128 Cal. 335 (60 Pac. 977); *Vrooman* v. *Li Po Tai,* 113 Cal. 302 (45 Pac. 470); *Boyce* v. *Fisk,* 110 Cal. 107 (42 Pac. 473); *Butler* v. *Johnson,* 111 N. Y. 212 (18 N. E. 643); *Jones* v. *Powning,* 25 Nev. 399 (60 Pac. 833); *Clayton* v. *Dinwoodey,* 33 Utah, 251 (93 Pac. 723, 728); *Fullerton* v. *Bailey,* 17 Utah, 85 (53 Pac. 1020); *In re Mouillerat's Estate,* 14 Mont. 245 (36 Pac. 185); *O'Keefe* v. *Foster,* 5 Wyo. 343 (40

Pac. 525); *Murtha* v. *Donohoo,* 149 Wis. 481 (134 N. W. 406, 136 N. W. 158, 41 L. R. A. (N. S.) 246).

In the case of *Reay* v. *Heazleton,* 128 Cal. 335 (60 Pac. 977), the court said:

"As between parties acting in their own right, the plea of the statute of limitations is unquestionably a personal privilege, which may be waived. But an executor or administrator, acting for others, and in a trust capacity, is not vested with this privilege, and may not waive such a defense. By Section 1499 of the Code of Civil Procedure the personal representative, as well as the judge of the Superior Court, is forbidden to allow any claim which is barred by the statute of limitation. It would be a most unwarranted evasion of this mandatory provision to permit an executor or administrator by his failure to invoke the plea to suffer judgment upon a claim which, when presented to him, he was bound by law to reject because of the bar of the statute. In *Vrooman* v. *Li Po Tai,* 113 Cal. 302 (45 Pac. 470), it was held that the administrator, by appearing and answering, could not waive the objection that the claim in suit was barred by the statute; and in *Boyce* v. *Fisk,* 110 Cal. 107 (42 Pac. 473), it is declared that an administrator will not be permitted to waive the statute of limitations upon a claim which is barred. To like effect is *Butler* v. *Johnson,* 111 N. Y. 212 (18 N. E. 643). The same principles must apply here, and, however tardily the plea may have been presented, since the facts appear of record, and are now called to this court's attention, it must be held that plaintiff's right of action upon the judgment is barred by the statute of limitations."

The statute (Or. L., § 1241) provides:

"No claim shall be allowed by the executor or administrator or the County Court which is barred by the statute of limitation."

17. Before an administrator can allow a claim against the estate which he represents, the claim

presented must show a subsisting liability in favor of the claimant: *Zachary* v. *Chambers,* 1 Or. 321, 324; *Wilkes* v. *Cornelius,* 21 Or. 348, 350 (28 Pac. 135); *Goltra* v. *Penland,* 45 Or. 254 (77 Pac. 129); *De Golia* v. *Anderson,* 101 Or. 94 (198 Pac. 236).

In *Wilkes* v. *Cornelius,* 21 Or. 348, 351 (28 Pac. 135), the court, speaking through Mr. Justice BEAN, said:

"The claim in the case at bar, as presented, did not show any liability against the estate, and the executor for his own protection was necessarily compelled to disallow it. An executor stands as the representative of all the creditors as well as the heirs, legatees, and distributees, and however liberally disposed he may be to waive technical defenses and deal with creditors on the basis of substantial justice, he is not at liberty to waive the technical rights of those whom he represents."

18. A claim against an estate which the administrator and courts and juries are expressly prohibited from allowing can hardly be regarded as a subsisting claim against the estate. Section 1241, Or. L., has the effect of excepting claims against the estate of a deceased person from the operation of the statutory rule of pleading that the defense of the statute of limitations is waived unless affirmatively pleaded; and also establishes as an essential element of every valid claim against an estate, that such claim shall have accrued within the period of the statute of limitations expiring immediately prior to its presentation for allowance. The prohibition of the statute is comprehensive; it reads, "No claim shall be allowed by the executor or administrator or the county court which is barred by the statute of limitation," thereby depriving the administrator and the courts of all power and authority previously possessed by them

to waive the bar of the statute of limitations in respect to claims presented against an estate: See *Farrow* v. *Nevin,* 44 Or. 496, 500 (75 Pac. 511).

Plaintiff was required to furnish evidence to prove that the claims sued upon, when presented were subsisting claims against the estate. A claim barred by the statute of limitations, the allowance of which is expressly prohibited by statute, is not a subsisting claim.

The evidence disclosed that plaintiff's claims when presented for allowance and when this action was commenced were barred by the statute of limitations and the jury should have been directed to return a verdict for defendant as requested.

The judgment of the Circuit Court is reversed and the cause remanded for such other proceedings as may seem proper, not inconsistent with this opinion.

REVERSED AND REMANDED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.