Argued July 15, affirmed July 27, 1926.

## IN RE ESTATE OF ELIZABETH GRIFFITH.

## MAGGIE WILSON, *v.* MONROE BOLICH, EXECUTOR.

(248 Pac. 156.)

**Executors and Administrators.**

1. Claims of long standing against estate of decedent should be scrutinized with care and convincing proof required before allowance.

Executors and Administrators.
  2. Claim for domestic services rendered decedent *held* insufficiently established.

Executors and Administrators, 24 C. J., p. 407, n. 94.

From Multnomah: GEORGE TAZWELL, Judge.

Department 2.

This was a proceeding by appellant to enforce the allowance of a claim against the estate of Elizabeth Griffith, deceased, which claim had been previously rejected by the respondent and executor. The claim presented, and which was duly verified, is as follows:

"No. ——.
"In the Matter of the Estate of ELIZABETH GRIFFITH, Deceased.
                "Claim Against Estate.
"To Munro Bolich, Administrator of the Estate of Elizabeth Griffith, Deceased:
            "In account with Maggie Wilson:
"To services rendered the deceased in her life time, as domestic, covering a period of time of six years prior to the death of said deceased.......$400.00."

The executor having rejected said claim, the claimant caused it to be presented to the Circuit Court of Multnomah County, sitting in probate before Honorable GEORGE TAZWELL, where the executor answered, denying the truth of the claim, setting up the statute of limitations as a defense, and various other defenses. The court rendered a judgment dismissing the claim with prejudice, and claimant appeals.

                                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. L. E. Schmitt.*

For respondent there was a brief over the names of *Mr. Irvin Goodman* and *Mr. James H. McMenamin,* with an oral argument by *Mr. Goodman.*

McBRIDE, C. J.—1, 2. The view we take of the facts in this case renders a consideration of the various legal propositions, discussed by counsel, superfluous. No bill was ever presented to the decedent in her lifetime, and the last item of service alleged was more than two 'years before her death. The evidence of its validity rests almost wholly upon the testimony of claimant, although there are some slight corroborating circumstances. It is shown by other testimony that deceased was a woman, who usually had money on hand to pay her bills, and paid them promptly; that shortly before her death she stated that she owed nothing in the world except a grocery bill, which had not been presented at that time, and that claimant had stated in the presence of several persons that deceased "did not owe her a penny." While the testimony, as to these statements, came mostly from interested sources, none came from witnesses having a greater interest than the claimant.

"Claims of long standing when filed against an estate of a decedent should be scrutinized with care, and in such cases strong and convincing proof should be required before allowing the same." *Branch* v. *Lambert,* 103 Or. 423 (205 Pac. 995).

Such strong, convincing proof does not exist here. In fact, the evidence, taken as a whole, shows rather a preponderance of evidence against the validity of the claim.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

BEAN, BROWN and RAND, JJ., concur.