Argued January 9, affirmed March 18, 1964

# HAGBERG *v.* HAAS
390 P. 2d 361

*Gene L. Brown,* Grants Pass, argued the cause for appellant. With him on the brief was R. Gene Smith.

*Warren A. Woodruff,* Roseburg, argued the cause for respondent. With him on the brief was George Luoma.

Before McAllister, Chief Justice, and O'Connell, Goodwin, Denecke and Lusk, Justices.

LUSK, J.

This is an action against the administrator of the estate of W. F. Kernin, deceased, to recover the value of timber alleged to have been sold by plaintiff to Kernin. At the conclusion of plaintiff's case, the court, on motion of defendant, granted a judgment of involuntary nonsuit from which plaintiff has appealed.

As the defendant challenges not only the sufficiency of the evidence, but also the sufficiency of the complaint, and contends further that the ground of recovery stated in the complaint is different from that stated in the claim presented by plaintiff to the administrator, we set forth here the material allegations of each of these instruments.

The complaint, after alleging the necessary facts respecting the appointment and qualification of the administrator, alleges:

"II

"On the 10th day of November, 1958, plaintiff made, executed and delivered to decedent W. F. Kernin an option to purchase for Ten Thousand

Dollars ($10,000.00) certain timber and logs situated on real property in Jackson County, Oregon, described as follows, to-wit:

"Lots one (1) and two (2), the East half of the Northwest Quarter and the North one-half of the Northeast Quarter of Section 18 in Township 33 South, Range 4 West of the Willamette Meridian, in Jackson County, Oregon.

"III

"Between the date of said option and January 1, 1961, the timber was removed from said real property by or under the direction of the decedent.

"IV

"That the decedent acknowledged he had sold said timber and logs and promised to pay the plaintiff therefor, but has not paid the plaintiff the said sum of Ten Thousand Dollars ($10,000.00) for said timber, or any part thereof, although demanded.

"V

"That the timber and logs on said property had a reasonable value of Ten Thousand Dollars ($10,000.00) or more."

There follow allegations that plaintiff's claim, a copy of which is attached to the pleading, was duly presented to the administrator and rejected by him, that no part of the claim has been paid, and that there are assets of the estate in the hands of the administrator sufficient to pay it. The claim reads:

"I, Hildur Hagberg being first duly sworn, depose and say that the Estate of W. F. Kernin deceased, is indebted to me for timber sold to the said deceased at the instance and request of the deceased, and that I have personal knowledge of the same; there is justly due thereon to Hildur Hagberg the sum of $10,000.00; that no payments have been made on said account except as stated

in said statement and that there is no just counter-claim to the same to my knowledge."

■■ Counsel for defendant argue that the complaint does not allege a sale, but only an option, which was never exercised; that the action is in trespass and the complaint is fatally defective because it fails to allege ownership of the timber in the plaintiff. There is no allegation or evidence that the option was exercised. Counsel for plaintiff say that the complaint is not based on an enforcement of the option but on the common counts. Assuming that the complaint does contain averments of a trespass, it also alleges a promise of the defendant to pay the plaintiff $10,000 for the timber removed and that this was its reasonable value. It is a case in which plaintiff has waived the tort and sued in assumpsit, *L. B. Menefee Lumber Co. v. MacDonald et al,* 122 Or 579, 585-591, 260 P 444, and the complaint states a cause of action for the recovery of the reasonable value of timber removed by the defendant. In this view, it cannot be said that the complaint is based upon "an entirely different claim" than that presented by the plaintiff to the administrator. See *Branch v. Lambert,* 103 Or 423, 431, 205 P 995.

■ We think, however, that the evidence was not sufficient to be submitted to the jury. Plaintiff had the burden of establishing a prima facie case by evidence entirely apart from her own testimony, ORS 116.555; *In re Berger's Estate,* 144 Or 631, 649, 25 P2d 138; *Field v. Rodgers,* 128 Or 661, 665, 275 P 598; *Estate of McLain,* 126 Or 456, 463, 270 P 534; *Branch v. Lambert,* supra, 103 Or at 434. Much of the corroborating testimony consisted of declarations of the deceased tending to show that he had removed or caused others

to remove some of the timber. This testimony was objected to by the defendant on the ground that it was incompetent under ORS 41.850, which provides:

> "The declaration, act or omission of a deceased person, having sufficient knowledge of the subject, against his pecuniary interest, is admissible as evidence to that extent against his successor in interest.  *  *  *"

In order for such declarations to be admissible, it must appear that they were against the pecuniary interest of the declarant at the time they were made, 5 Wigmore on Evidence (3d ed) 273, § 1466; but this may be shown by independent evidence, id. at 277, § 1468. The answer of the defendant admits that the decedent did not pay for the timber, and for present purposes, therefore, it may be assumed that the evidence referred to was competent. There is also competent evidence of the value of the entire tract of timber, but there is no evidence, competent or otherwise, that all the timber was removed and none which would afford any basis for determining with reasonable certainty the quantity removed. The jury could not be permitted to speculate regarding this essential element of plaintiff's case and the court below had no alternative other than to grant a nonsuit.

The judgment is affirmed.