[Filed October 25, 1892.]

## THOMAS HISLOP *v.* W. J. MOLDENHAUER.

[S. C. 31 Pac. Rep. 252.]

1. LANDLORD AND TENANT — NOTICE TO QUIT.— Leasing a building at a monthly rent, without specifying the term, does not create a tenancy by the month which may be terminated by ten days' notice, but a tenancy at will, or from year to year, according to the circumstances, necessitating thirty days' notice for its termination.

2. INSTRUCTIONS TO JURY.— It is the duty of the court to confine its instructions to the particular facts in evidence, since these are all the jury have a right to consider.

Multnomah County: E. D. SHATTUCK, Judge.

Action of forcible entry and detainer. Judgment originally went for defendant, and on appeal to this court the same was reversed: 21 Or. 208. On a retrial judgment again went for defendant, and plaintiff brings this appeal. Affirmed.

*John H. Hall,* for Appellant.

*John Ditchburn,* for Respondent.

LORD, C. J.—This was an action of forcible entry and detainer originally brought in the justice's court for East Portland precinct, where the plaintiff secured a judgment, from which the defendant appealed to the circuit court; and the cause coming on to be heard before a jury, a judgment of nonsuit was given against plaintiff upon motion of defendant; whereupon the cause was appealed to this court and the judgment of nonsuit reversed (21 Or. 208), and a new trial ordered, which said trial was subsequently had before a jury and a verdict rendered in favor of defendant for his costs and disbursements, from which judgment this appeal is taken.

The assignments of error relate wholly to exceptions taken to the instructions of the court. In respect to those instructions to which the plaintiff excepted, relating to the evidence introduced by the defendant, there was no error. In these instructions the trial court only laid down the rule of law applicable to the defendant's side

of the case so as to guide the jury in the discharge of
their duties in the event that they should so find.   The
rule of law which counsel for plaintiff invoked has no
relevancy to this state of facts; it was the inapplicability
of such rule to the evidence for the plaintiff, as he claimed
it, and the failure of the court to apply it, and so instruct
the jury when dealing with his side of the evidence, that
constitutes his real ground of grievance or error.   His
contention was that the leasing of the premises to the
defendant was by the month only; that is, that it was a
leasing for a specific time of one month, and that at the
termination of the month or term a holding over by the
defendant as tenant, and the acceptance of rent by the
plaintiff as landlord, created a new tenancy for another
month upon the same terms and conditions as the former
tenancy.   As a general rule, it is no doubt true that where
a tenant holds over, and the landlord accepts rent accru-
ing after the expiration of a term, a new tenancy arises
for a further term, equal in time to the one under which
he previously held, and subject to the covenants and con-
ditions of the original lease.   The nature of the tenancy
is implied from the facts of the holding over by the ten-
ant and the consent of the landlord, and is grounded
solely upon implication.   The doctrine is thus stated by
MERCUR, J.: "When, however, we are dealing with the
question of an implied renewal of a tenancy, all the terms
of the former lease must be considered.   The purpose is
not to make a new lease essentially different, but to con-
tinue the former so far as its terms may be applicable.
In its very nature the implied renewal of a lease assumes
a continuation of its characteristic features.   Hence, if a
landlord elect to treat one holding over as a tenant, he
thereby affirms the form of tenancy under which the
tenant previously held.   If that was a tenancy by the
month, it will presumptively so continue": *Hollis* v.
*Burns*, 100 Pa. St. 209 (45 Am. Rep. 379).   From the fact
of the tenant holding over, and the consent of the land-
lord, the tenancy is presumed to be of the same character
as the previous tenancy, monthly or yearly, as the case

may be.   It was the refusal of the court to apply this rule of law to the evidence for the plaintiff that constitutes the main ground of error relied upon by his counsel.

While there is some confusion in the evidence of the parties as to what was the agreement, there does not seem to be any evidence upon which the inference can be predicated that the leasing was for a definite time or for the specific term of one month, which was renewed from month to month by the defendant holding over, and the consent of the plaintiff implied from his acceptance of the rent.   The evidence for the plaintiff shows that the defendant remained in the occupation of the building several months, and paid therefor fifty dollars a month rent, and that the plaintiff notified him that he would increase the rent, and upon defendant's refusal to pay more than fifty dollars (which he tendered), the plaintiff gave him ten days' notice to quit.

Counsel seem to be agreed that if the tenancy was at will, or from year to year, at a monthly rental of fifty dollars, that thirty days' notice was necessary to terminate it.   But upon the theory that the evidence showed that the leasing was for a specified term of one month only, the giving of thirty days' notice, as the court charged, the counsel for the plaintiff contends was incorrect.   We have examined the evidence for the plaintiff, and we are unable to discover anything in it, or any inference to be drawn from it, that the leasing was for any definite period of time, as one month.   The circumstances under which the defendant entered and remained in possession of the premises, negative any such assumption. Nowhere does the plaintiff's evidence indicate that any time was specified or agreed upon, but the inference to be drawn from the facts and circumstances arising from the entry, possession, and payment of rent as detailed by him, tend strongly to show that he understood the tenancy was to continue for a longer period than one month.   The defendant testifies that they made a verbal agreement for five years at fifty dollars monthly rental, and that it was

in pursuance of such agreement that he took possession of the property and paid the rent. Such an oral lease creates a tenancy from year to year, and upon that aspect of the case, the instructions were correct. In the course of his testimony, the plaintiff says that the defendant asked him for a lease after he had been in possession three or four months, and that he was willing to give him a lease, but that the defendant "could not expect him to give him a lease for any length of time, and tie up his property for fifty dollars a month." The contention of the plaintiff, as applied to the facts, the trial court confessed a difficulty to understand, but after stating it as he understood it, proceeded to apply the law to this phase of the evidence. If the leasing was not for a specified term of one month, there was no error in the instructions as the court gave it in respect to the necessity of giving thirty days' notice to terminate the tenancy. As we can find no evidence upon which to base such contention, there was no error in the court refusing to so instruct the jury or instructing it as it did in reference to notice.

It is the duty of the court to confine its instructions to the particular facts in evidence, as these are all the jury have a right to consider. To have instructed the jury, upon the theory of the plaintiff's contention, the court would have necessarily assumed that there was some evidence tending to show that there was a contract for a definite term of one month. Such an instruction would have been based upon facts not warranted by the evidence. We think, therefore, that the court, when instructing the jury upon the evidence for the plaintiff, in refusing to adopt the rule of law invoked, committed no error. In thus disposing of this case, we may say that the force of this objection was pressed upon the attention of counsel. As to the objection in respect to the costs, it is sufficient to say that our statute provides the manner of settling cost bills, and that the objection is not before us in a manner that we can consider.

It results that judgment must be affirmed.