[Decided April 30, 1894.]

25   481
47   160

## FORSYTHE *v.* POGUE.

[ S. C. 36 Pac. 571.]

LANDLORD AND TENANT— FORCIBLE ENTRY AND DETAINER— CODE, § 2987.— Under section 2987 of Hill's Code, providing that in a lease at will notice to quit is given in time if it equals the intervals between the payments of rent, a complaint in forcible detainer is good which alleges a tenancy at will, and twenty days' notice to quit, since it may be that the rent was payable at periods of less than twenty days.

APPEAL from Marion: GEO. H. BURNETT, Judge.

This is an action of forcible entry and detainer by Anna Forsythe against M. E. and Ada Pogue, brought before the recorder of the city of Salem, acting as *ex officio* justice of the peace, for the recovery of the possession of certain real property situated in said city. The record discloses that, upon issue being joined by the pleadings, a jury trial was had, which resulted in a verdict and judgment for the plaintiff, whereupon the defendants took the case on appeal to the circuit court, where, on motion for judgment on the pleadings, the court adjudged that the action be dismissed, and that the defend-

ants recover their costs and disbursements. From such judgment the plaintiff has appealed to this court.

REVERSED.

*Messrs. D'Arcy & Bingham*, for Appellant.

*Mr. William M. Kaiser*, for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

The complaint alleges that on or about the twenty-ninth day of May, eighteen hundred and ninety-one, plaintiff rented to the defendants by a verbal lease from month to month, to be terminated at the will of either party, certain premises therein described; that by virtue of such renting the defendants went into possession and occupation of the said premises, and still continue to hold and occupy the same; that although possession of said premises was duly demanded, the defendants unlawfully and wrongfully neglect and refuse to deliver to the plaintiff the possession of the same, and now unlawfully hold the same with force, and continue in possession thereof; that the plaintiff is entitled to the possession of the premises and demands restitution thereof. The contention for the defendants is that thirty days' notice was required to terminate the lease; that it is admitted only twenty days' notice was given; and, consequently, that the defendants, being in the lawful possession of the premises, were not liable to an action for unlawfully holding the same with force. The record shows that on the thirteenth day of December, eighteen hundred and ninety-two, the plaintiff served a notice in writing upon the defendants to deliver up the possession of the premises. The record also shows that the action was commenced on the second day of January, eighteen hundred and ninety-three, and that a trial was had, and a judgment rendered for the restitution of such premises on the

seventh day of January, eighteen hundred and ninety-three. By considering these facts together, it appears that after the service of said notice, about twenty days elapsed before the action was commenced, or, in other words, only twenty days' notice was given to terminate the lease; hence the defendants' contention that, the complaint showing a tenancy at will from moath to month, thirty days' notice was required by law to terminate it. Our statute (section 2987) provides that, "All estates at will or by sufferance may be determined by either party, by three months' notice in writing given to the other party; and when the rent reserved in a lease at will is payable at periods of less than three months, the time of such notice shall be sufficient if it be equal to the interval between the times of payment; and in all cases of neglect or refusal to pay the rent due on a lease at will, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease." The requirement of thirty days' notice to terminate the lease is contended for upon the assumption that the tenancy is at will, and the rent reserved is payable monthly. But there is nothing to show, by the allegations or by the record, how or when the rent was to be paid,—whether monthly, half-monthly, weekly, or otherwise,—or that the notice was not equal to the interval between the times of payment. THAYER, C. J., said: "Where the letting is for a less time than one year, the period for the notice is fixed by the manner of paying rent. If the rent is paid monthly, a month's notice is required": *Rosenblat* v. *Perkins,* 18 Or. 162, 22 Pac. 598, 6 L. R. A. 257. This case was cited and relied upon in support of defendants' contention, but the facts therein show that the rent was payable monthly, as also in the case of *Hislop* v. *Moldenhauer,* 23 Or. 119, 31 Pac. 252, but here the manner of paying the rent is not disclosed

by the pleadings, so as to fix the time of the notice. Taking it for granted that the tenancy is at will, and governed by section 2987, the trial court could not say, on the complaint, that the thirty days' notice was required to terminate the estate, unless the facts alleged further disclosed that the rent was payable monthly or at intervals of thirty days. This being so, it results that the dismissal of the action was error, for which the judgment must be reversed and a new trial ordered.

REVERSED.