Argued June 24, affirmed July 7, rehearing denied September 8, 1914.

## HORSFALL v. LOGAN.

(142 Pac. 760.)

**Limitation of Actions—Operation of Statute—Part Payment.**

1. Section 24, L. O. L., providing that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract to take the case out of the statute of limitations unless contained in writing, but that this section shall not alter the effect of any payment of principal or interest, does not affect the operation of Section 25, relating to the effect of a payment of principal or interest on an existing contract.

> [As to indorsement of payment on promissory note by holder as sufficient proof of part payment to stop running of statute, see note in Ann. Cas. 1913A, 1223.]

**Limitation of Actions—Operation of Statute—Part Payment.**

2. Under Section 25, L. O. L., providing that whenever any payment of principal or interest has been made after maturity on an existing contract, whether it be bill of exchange, promissory note, bond or other evidence of indebtedness, the limitation shall commence from the last payment, limitations run from the last payment on an express oral contract to pay a certain sum for services of a physician.

From Coos: JOHN S. COKE, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action by William Horsfall against William Logan.

The allegations of the complaint material for consideration are these:

"That on or about August 17, 1905, at the defendant's request, the plaintiff performed and rendered professional services consisting of a surgical operation upon the defendant's wife, for which services so rendered the defendant became indebted to plaintiff in the sum of $210, which sum the defendant agreed to pay; that no part thereof has been paid except $50 August 2, 1906, and the further sum of $25 on or about June 1, 1910; that $135 remains unpaid, which the plaintiff claims, together with 6 per cent interest."

The defendant "demurs to the complaint of plaintiff filed herein for the reason that it appears upon the

face thereof that the action has not been commenced within the time limited by the Code in which to commence such action in that said cause of action stated in said complaint is one of those mentioned in Section 6, L. O. L., and more than six years has elapsed between the date when said cause of action accrued and the date of the commencement of said action." The Circuit Court overruled the demurrer, and, the defendant refusing to plead further, judgment was entered against him according to the prayer of the complaint, and he appealed.          AFFIRMED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. G. T. Treadgold.*

For respondent there was a brief and an oral argument by *Mr. C. R. Wade.*

MR. JUSTICE BURNETT delivered the opinion of the court.

As we quote from his brief:

"The appellant contends that a partial payment alone does not revive an oral, implied contract for the payment of money so as to prevent the running of the statute."

The fallacy of this contention is the assumption that it is an implied contract upon which the action is maintained. Attention to the complaint reveals that it is an express contract here involved, for the averment is that the defendant agreed to pay the amount mentioned. According to the initial pleading, we have an express original promise.

1. Sections 24 and 25, L. O. L., read thus:

"Sec. 24. No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this

title, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

"Sec. 25. Whenever any payment of principal or interest has been or shall be made upon an existing contract, whether it be bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

We thus have two methods by which the statute of limitations may be tolled, one by mere acknowledgment or promise, which must be in writing, and the other by a payment. The first section quoted does not affect the operation of the latter section. We are not concerned with the provisions of Section 24, for it is not pretended that anything more than a payment is to be relied upon here as keeping the debt alive: *Dundee Investment Co.* v. *Horner,* 30 Or. 558 (48 Pac. 175).

2. The decision of the question involved must turn upon the proper construction to be placed upon Section 25. The defendant argues that the mention of the terms "bill of exchange, promissory note, bond, or other evidence of indebtedness" limits the operation of payment to those forms of agreement only, excludes all others, and controls the scope of the phrase "existing contract." Discussing this question, in *Kaiser* v. *Idleman,* 57 Or. 224, 229 (108 Pac. 193, 195, 28 L. R. A. (N. S.) 169), Mr. Justice McBRIDE, after alluding to the rule that, when general words follow an enumeration of particular things, such words must be held to include only such things or objects as are of the same kind as those specifically enumerated, quotes the following rule:

"The doctrine of *ejusdem generis* is but a rule of construction to aid in ascertaining the meaning of the legislature, and does not warrant a court in confining the operation of a statute within narrower limits than intended by the lawmakers. The general object of an act sometimes requires that the final term shall not be restricted in meaning by its more specific predecessors."

He then continues:

"In the section now under consideration the first language used is 'payment * * upon any existing contract, whether it be bill of exchange, promissory note, bond, or other evidence of indebtedness.' Here the general words precede the special enumeration, and certainly the words 'any existing contract' are sufficiently broad to characterize the whole section."

The reasoning of that opinion leads to the conclusion that the subsequent specific words "bill of exchange, promissory note, bond, or other evidence of indebtedness" do not limit the previous general words "existing contract." The general words do not follow the particular words. The reverse is true. The agreement of the defendant to pay the particular sum of $210 is clearly within the meaning of the words "existing contract."

There is much force in the argument so skillfully and plausibly urged at the hearing that, where services are rendered at the mere request of a defendant without anything being said as to the compensation to be allowed, a payment at any time thereafter cannot rightfully be considered as a continued promise to pay more, and that such an individual is entitled to know when he will have finished paying on such an indebtedness. That argument cannot apply to this case legitimately, because the complaint states that the defendant agreed to pay the specified amount. In the

illustration put, the defendant has not expressly promised anything. From the transaction the law implies a promise on his part. In other words, the law promises for him and imposes upon him the duty of paying according to the engagement which it has constructed out of the circumstances. Here, however, the defendant himself, according to the complaint, has expressly agreed to pay this sum of money. His subsequent payments within the period prescribed by the statute of limitations continues his original promise. Under such conditions, the law imputes to him language like this:

"I promise to pay. By my present payment I ratify and will continue the performance of my previous agreement to pay a larger sum."

In *Creighton* v. *Vincent,* 10 Or. 56, and *Blaskower* v. *Steel,* 23 Or. 106 (31 Pac. 252), the section relating to partial payments was applied to and enforced on open accounts. These decisions have been cited many times since their rendition, and amount to a rule of construction which we do not feel at liberty to disturb.

The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.