Argued June 13; modified June 27; rehearing denied July 25, 1944

In re McKinney's Estate

BALL *v.* PIONEER TRUST CO. et al.

(149 P. (2d) 976)

Before BAILEY, Chief Justice, and BELT, KELLY, LUSK and HAY, Associate Justices.

*John A. Heltzel,* of Salem, for appellants.

*Custer E. Ross,* of Salem (Ross & Lewelling, of Salem, on the brief), for respondent.

BAILEY, C. J. The Pioneer Trust Company, administrator *de bonis non* of the estate of Ann Eliza McKinney, deceased, and some of the heirs of that decedent have appealed from the judgment of the circuit court in favor of Frances O. Ball against the above-named administrator. The only question which we are called upon to decide is whether the appellants are estopped from asserting that the claim of Mrs. Ball was barred by the statute of limitations at the time it was presented to the court for allowance.

Miss Ann Eliza McKinney died intestate on March 1, 1934, leaving surviving her as her only heirs at law her sisters, brothers and the children of deceased

sisters. Alice N. Tracy, a sister of the decedent, was on April 7, 1934, appointed administratrix of the estate. The inventory of the estate shows the appraised value to be $6,129.00.

Sometime between October 5, 1934, and November 5 of that year Frances O. Ball presented to the administratrix her duly verified claim in the sum of $2,120.00 "for furnishing board, lodging, care, nursing and maintenance of Ann Eliza McKinney from September 1, 1921, until June 30, 1930, both dates inclusive". On November 5, 1934, the administratrix endorsed and signed on the back of that document the following:

"The within claim is examined and for the reason that the administratrix herein does not possess information or knowledge upon which to found a belief as to whether the statements therein contained are accurate and correct and as to whether the sums therein contained are reasonable sums to be allowed and paid by her from the estate of said decedent, is rejected."

The claim with the notation thereon was on the date last mentioned filed with the county clerk of Marion county as a part of the probate record of the decedent's estate.

Her first semi-annual account was filed by the administratrix on November 14, 1934. Therein among other things she stated:

"There has also been presented against the estate of said decedent, and to the administratrix herein, the claim of Frances O. Ball, for board, lodging, care, nursing and maintenance of said decedent during her lifetime, from September 1, 1931 [1921], to June 30, 1930, no part of which claim has been allowed, nor paid, by the administratrix herein, and she has filed said claim herein with her

disapproval thereof, on the ground and for the reason that she has no knowledge or information upon which to found a belief, as to whether or not the board, lodging, care, nursing and maintenance was so furnished by claimant to decedent and whether a reasonable valuation thereof is as stated in said claim.''

Thereafter, on August 23, 1935, the attorney for Mrs. Ball served upon the attorney for the estate and likewise upon the attorney ''for certain heirs'', and on August 28 of that year filed, a notice setting forth the presentation of Mrs. Ball's claim to the administratrix and the disallowance thereof by her, and informing the administratrix and the attorneys above mentioned that on September 10, 1935, the ''claimant will present'' to the county judge ''for allowance her claim against said estate''. The claim, however, was not presented to the county judge at that time.

Mrs. Tracy died on December 28, 1936, and on January 6, 1937, Comyn C. Tracy was appointed administrator *de bonis non* of the McKinney estate. On December 15, 1942, the attorney for the claimant served on the attorney for the administrator *de bonis non* a notice that on February 5, 1943, he would present the claim of Mrs. Ball to a designated judge of the circuit court ''for allowance, as provided by statute''. Before that date, however, Comyn C. Tracy was, on January 20, 1943, removed as administrator *de bonis non*, and the Pioneer Trust Company was appointed as such administrator. On the date set in the notice the claim of Frances O. Ball was presented to the trial court, and after a hearing on the merits judgment was entered in favor of the claimant for $2,045.00, representing the amount of the original claim less $75.00 paid thereon by the decedent prior to 1930.

■ The claim of Mrs. Ball is based on an implied agreement by the decedent to pay the reasonable value of the board, lodging, care, nursing and maintenance furnished her by the claimant, and it would not be barred by the statute of limitations until six years after the cause of action accrued: § 1-204, O. C. L. A. The rate of compensation and the term during which services were to be rendered and sustenance provided for the decedent were not agreed upon by the parties. The services and maintenance were continuous. In such circumstances, the demand should be regarded in its entirety; and the statute of limitations would not begin to run against any part of it until the termination of the implied contractual arrangement, which occurred June 30, 1930: *Branch v. Lambert,* 103 Or. 423, 205 P. 995; *Franklin v. Northrup,* 107 Or. 537, 215 P. 494; *Officer v. Cummings,* 127 Or. 320, 272 P. 273.

■ At the time of Miss McKinney's death, March 10, 1934, Mrs. Ball's claim was not barred by the statute of limitations. The death of the intestate stayed the commencement of any action on the claim until "the expiration of six months from the granting of letters ... of administration": § 8-911, O. C. L. A. The statute of limitations was tolled during the period of prohibition: § 1-218, O. C. L. A.; *Branch v. Lambert,* supra; *Blaskower v. Steel,* 23 Or. 106, 31 P. 252. Mrs. Ball's claim was disallowed on November 5, 1934, and at any time thereafter within six years and six months from the date of accrual of her right of action, which was July 1, 1930, Mrs. Ball could have presented it to the probate court for allowance or instituted an independent action thereon in the circuit court. She did neither until February 5, 1943, when she presented her claim

to the circuit court for Marion county, sitting in probate.

Section 19-704, O. C. L. A., provides in part that: "No claim shall be allowed by the executor or administrator or the county court which is barred by the statute of limitation." All the "judicial jurisdiction, authority, powers, functions and duties of the county court" of Marion county were, by force of chapter 412, Oregon Laws 1941, "transferred to and vested in" the circuit court for the county.

When Mrs. Ball's claim was presented to the circuit court, it was barred by the statute of limitations, unless, as contended by the claimant, because of the representations and acts of the administratrix, her surety and the first administrator *de bonis non,* and the claimant's reliance thereon, the administrator *de bonis non* and the heirs were estopped from availing themselves of the bar of the statute.

■ Cordell Ball, son of the claimant, Frances O. Ball, testified that due to his mother's physical condition he looked after her affairs and was so doing in 1934. He stated that he was told by the attorney for his mother that her claim had been denied by the administratrix and that he then took up the matter with Mrs. Tracy, who told him that it had not been denied. Nevertheless, he authorized his mother's attorney to give the notice of August 23, 1935, that the claim would be presented on September 10 of that year to the probate court for allowance. After the giving of that notice and before the presentation of the claim, Mr. Ball testified, the administratrix, Mrs. Tracy, in a conversation with him asked that the presentation of Mrs. Ball's claim be postponed until her own claim "was disposed of, and then they would

take this up in order." Mr. Ball asserted that in reliance on Mrs. Tracy's statement he had done nothing more for a number of years in regard to his mother's claim.

Mrs. Tracy on September 19, 1934, petitioned the county court to allow her claim of $3,000.00 against the estate of Ann Eliza McKinney, of which she was then administratrix, for services which she had rendered the decedent between July 1, 1930, and February 10, 1934. On August 23, 1935, Mrs. Tracy by her attorney served notice upon the administratrix, her attorney and the attorney for certain heirs that she would present her claim to the county court on September 10, 1935, which was the same date named by Mrs. Ball for presenting her claim. Mrs. Tracy's claim was allowed by the county court on April 15, 1936, in the full amount demanded. Thereafter, on May 1, 1936, the heirs who had contested the claim in the county court appealed to the circuit court. Their appeal was pending and undisposed of in the circuit court at the time of the trial of the instant case.

Mr. Ball testified that after 1935 and "until right recently" he carried on, representing his mother, "continuous negotiations" with the other heirs of the decedent and the administrator de bonis non of the decedent's estate, looking to a settlement of the claims of his mother and Mrs. Tracy; and that although they were all desirous of having the claims settled and the estate closed, they had not been able to effect any agreement. He also stated that during those negotiations none of the heirs to his knowledge ever asserted that his mother's claim was barred by the statute of limitations.

After the death of Mrs. Tracy the surety on her undertaking as administratrix filed a document denominated "Final Account of the Surety", in which it is stated, among other things: "That there are pending and undisposed of the claims of Alice N. Tracy and of Frances O. Ball, as disclosed by the file herein." In each of the reports filed by Comyn C. Tracy, administrator *de bonis non*, on August 9, 1937, March 20, 1940, June 10, 1941, December 18, 1942, and March 20, 1943, appears this statement: "That the claims of Alice N. Tracy, now deceased, and Frances O. Ball, against the estate of the above named decedent are still pending and undisposed of."

The claimant, Mrs. Ball, relies principally upon *Morgan's Estate*, 46 Or. 233, 77 P. 608, 78 P. 1029, in support of her contention that the facts hereinbefore stated estop the administrator *de bonis non* and the heirs from asserting that her claim is barred by the statute of limitations. The facts in that case, however, are materially different from those now before us, and the statute that was the basis of the decision therein has been substantially altered by amendment, as will hereinafter be shown. In that case the claimant, a bank, presented its demand to the executrix before it was barred by the statute of limitations. Receipt of the claim was acknowledged by the attorney for the executrix, and the bank was assured that the claim would be "examined into and allowed or rejected in due course, of which you will be advised." The opinion states that:

" . . . Some seven or eight months later it [the bank] was assured that the estate 'would undoubtedly pay every dollar it owes,' but it would be necessary to sell some of the real estate, which

the executrix was endeavoring to do, but could not rush the matter without such a sacrifice as would be injurious not alone to the estate but to the creditors, and they were therefore requested, 'in their own interests, to be patient.' "

The claim there in suit was endorsed, without date, "disallowed", and there was no evidence as to when that notation was made. Either the executrix or her attorney retained possession of the claim, and the bank was not notified of its disallowance until after the statute of limitations had run. Moreover, the executrix had not filed with the county court a report of the claims that had been presented to her.

Section 1161, B. & C. (now, as amended, § 19-704, O. C. L. A.), then governed the presentation of claims against estates of decedents. It did not limit the time within which the executor or administrator should take action on claims. In that connection the court said:

" . . . An executor or administrator is entitled to a reasonable time after the presentation of a claim in which to examine it to ascertain whether he will allow or disallow it, but, unless he takes some action thereon within such time, the claimant, at his option, may treat the claim as disallowed, and act accordingly: Goltra v. Penland, 45 Or. 254 (77 Pac. 129). This right, however, is believed to be personal to the claimant, who may waive it, and permit the claim to remain in the hands of the executor for further consideration. If he does so, and it is afterwards rejected, the right to commence an action will date from the time of rejection, and not from the time the claimant might have elected to treat the claim as disallowed and commenced an action if he had so desired."

After pointing out that the statute there under consideration did not make it clear "whether . . . the claimant should be notified" of the rejection of his claim, "either personally or constructively, by the executor or administrator filing a proper report with the county court," the opinion thus continues:

"But however that may be, and whatever may be the rule in this regard in ordinary cases, we are of the opinion that under the facts of this particular case the executrix can not be permitted to insist that the claim was rejected by her prior to the time the bank or its assignee was advised of her action."

With the following statement the decision concludes:

" . . . We are of the opinion, therefore, that the time during which the claim was in the hands of the executrix for examination, without notifying the bank that it had been rejected, should not be taken as a part of the time limited by the statute for the commencement of the action thereon."

In the case at bar, the administratrix within thirty days after receiving the claim endorsed on it her disallowance thereof and filed it with the county court. She also in her first semi-annual account, filed within ten days after the rejection of Mrs. Ball's claim, listed that claim as having been presented to and disallowed by her. Moreover, the son of the claimant had actual knowledge of the rejection of the claim, not long after the administratrix disallowed it.

The statute referred to in *Morgan's Estate,* supra, was amended in 1929 by chapter 244, Oregon Laws 1929, so as to provide that unless the executor or administrator, within sixty days after receipt of a claim, files the same endorsed with his approval or dis-

approval, with the county court, such claim "shall be deemed rejected". The amendment further provides that if the executor or administrator fails to file a claim with the court within sixty days after presentation to him, the "claimant may present his claim to the county court for allowance." After amendment as well as before, the statute, now § 19-704, O. C. L. A., requires that the claimant give the executor or administrator "10 days' notice of such application to the court."

In addition to *Morgan's Estate*, supra, the claimant cites an annotation in 130 A. L. R., at page 9 *et seq.* The notes therein cover sixty pages and are preceded by this editorial statement: "The power or right of an executor or administrator to waive a statute of limitation or to incur an estoppel with respect thereto is outside the scope of this annotation." We have, however, considered the statements quoted in the claimant's brief, namely, the introductory summaries of subdivisions *a* and *c* of § II, at pages 9 and 17, respectively, the first of which is to the effect that "the equitable doctrine of estoppel in pais may, in a proper case, be applied to prevent a fraudulent or inequitable resort to a statute of limitations". Subdivision *c* of the same section points out that one who asserts an estoppel against pleading the statute of limitations must have relied upon the acts, promises or representations of the other party and refrained from commencing action within the limitation period.

Applied to the facts of this case, the most pertinent part of the annotation appears in subdivision *c* of § III at page 29 (of 130 A. L. R.), beginning with this editorial comment: "It may be laid down as a general rule that a mere request by a debtor for delay or for-

bearance, in the absence of any promise or agreement not to plead the statute of limitations, does not estop him to assert the statute.'' Herein two sisters of the decedent had similar claims pending against her estate. Notice had been given by each claimant to the interested parties that her claim would be presented to the probate court on a certain date, in each instance September 10, 1935. Mrs. Tracy, who was administratrix of the decedent's estate, requested that Mrs. Ball postpone the presentation of her claim until Mrs. Tracy's demand ''was disposed of''. Long prior to the time that request was made by Mrs. Tracy, she as administratrix had rejected Mrs. Ball's claim. It is obvious that in asking that the presentation of Mrs. Ball's claim be postponed Mrs. Tracy was acting in her own interest and not as administratrix. Even had the request been made by her in her representative capacity, it did not contain any promise or agreement on her part not to rely on the statute of limitations.

We find nothing in the case of *Morgan's Estate,* supra, which supports the claimant's contention that the administrator *de bonis non* and the heirs of the decedent are estopped from asserting that the claim involved herein is barred by the statute of limitations. In fact, in so far as that case has any bearing at all on the controversy now before us, it is opposed to the claimant's contention.

■ Counsel for Mrs. Ball state in their brief that no claim is made by them ''that the probate court has power to allow a claim that is barred by applicable statutes of limitations unless the administrator is estopped to urge such law, nor do'' they ''contend that an administrator has power to *waive* the statute of limitations.'' The notice given by the claimant

on August 23, 1935, that she would present her claim to the county court on September 10 of that year was not in effect a presentation of her claim, and we do not understand her counsel to contend otherwise. Mrs. Ball's claim was not actually presented to the court until February 5, 1943, more than seven years after it was rejected by the administratrix. In addition thereto, almost four years had elapsed between the accrual of her right of action on the claim and the death of Miss McKinney.

■ In our opinion, not any of the elements of estoppel are present in this case. The claim here involved was barred by the statute of limitations at the time it was presented to the circuit court: *Branch v. Lambert,* supra. The judgment appealed from is therefore reversed and the cause remanded to the circuit court with direction to disallow the claim.