Argued October 4, reversed November 6, petition for
rehearing denied December 10, 1963

# CLOSTERMANN v. REYNOLDS

386 P. 2d 468

*John U. Yerkovich,* Portland, argued the cause and filed a brief for appellant.

*John F. Reynolds,* in propria persona, Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

This is a claim for legal services against a decedent's estate.

The statute of limitations expired on plaintiff's claim on July 8, 1961. The issue is whether plaintiff

had commenced the action before the statute had expired.

On July 1, 1960, a claim for legal services was presented to the executor and was rejected. On July 13, 1960, the rejected claim was filed with the probate court. On August 2, 1960, a notice was filed by the claimant's representative as follows:

"Notice is given that the Executor of the Estate of Robert G. Clostermann desires to contest the rejection of claim for services in the exercise of the possessory lien herein."

On July 19, 1961, the probate court held a summary hearing on the claim and denied it on July 20, 1961. In August, 1961, notice of demand for trial of the claim in circuit court was served and filed. On October 6, 1961, a complaint was filed in circuit court for the payment for these services. The trial court concluded the action was barred by the statute of limitations.

The defendant contends that a complaint must be filed prior to the running of the statute, and if it is not, the action is barred. The Oregon law provides that a claim against an estate shall be filed with the representative of the decedent. ORS 116.505 et seq. This representative shall either accept the claim or reject it and file the rejected claim with the probate court. No action can be brought against a representative unless a claim is filed with and rejected by the representative. A dissatisfied claimant may have the probate court hear the claim in a summary hearing, or he may have it heard by the circuit court as an action or suit. In the event of a summary hearing, no pleading is necessary; the claim filed with the representative is sufficient.

If a party has chosen to have his contest of the rejection of the claim heard summarily and is dissatisfied with that result, he may still have a plenary circuit court hearing. To do so he must file a notice demanding such a trial. This must be done within 30 days after the order based upon the summary trial. Within 60 days after such notice he must file his complaint commencing the action.

ORS 12.010, a part of the chapter on limitations of actions and suits, provides: "Actions at law shall only be commenced within the periods prescribed in this chapter, * * *." ORS 15.020 provides: "Action shall be commenced by filing a complaint with the clerk of the court."

We cannot accept the defendant's contention that the only way in which the running of the statute can be stopped is by filing a complaint. A literal reading of ORS 15.020 supports this assertion of defendant. However, that statute was not meant to apply to a proceeding of this kind. See *Schulmerich v. First National Bank,* 220 Or 528, 349 P2d 849 (1960). We reach this conclusion because prior to 1957 no complaint or similar pleading was proper at any stage of the summary proceeding, including an appeal to the circuit court. *In re Andersen's Estate,* 101 Or 94, 102, 188 P 164, 198 P 236 (1921), concerned an appeal to the circuit court from an order of the county court denying a claim against an estate. Mr. Justice HARRIS wrote:

> "* * * Although the verified claim takes the place of a complaint, the facts constituting the claim need not be stated with the degree of particularity required in a complaint filed in an action at law. * * *"

If the filing of a complaint was necessary to prevent the statute from running it never could be stopped if a claimant used the summary hearing procedure.

By Oregon Laws 1957, ch 410, § 5, the law was changed; if a party was aggrieved by the order of the probate court on a summary hearing, the party was required to file "an original action" on such claim in order to bring it into circuit court. This change, however, did not change the fundamental procedure that a claimant was entitled to a summary hearing and if he was dissatisfied with that he could continue to pursue his claim in a circuit court proceeding.

Defendant asserts that, even if the filing of a complaint is not necessary to stop the running of the statute, the holding of the summary hearing is necessary and that this was not held prior to the running of the statute. Plaintiff contends the hearing itself is not necessary; notice, such as he filed, that he intends to contest the rejection is sufficient.

The notice was filed pursuant to ORS 116.525, which is as follows:

"Any claimant may present any rejected claim to the probate court for allowance within 30 days after service of notice upon him or his attorney of such rejection or within 30 days after the claim is deemed to have been rejected under the provisions of ORS 116.520. Any claimant of such rejected claim or his attorney, or the executor or administrator or his attorney, upon notice of summary hearing being given, may elect to have the matter tried as an action or suit, as the case may be, in and by the circuit court, by serving on the opposing party or his attorney, and filing with the clerk of the court, a notice in writing signed by himself or his attorney to the effect that he demands such trial. Such notice shall be served and

> filed at least three days prior to the time set for the summary hearing by the notice thereof.''

The defendant's position is supported by our decision and dictum in *In re McKinney's Estate,* 175 Or 1, 149 P2d 976 (1944). In that case the statute of limitations expired on December 31, 1936. In 1934 the claim was rejected and filed with the clerk. In 1935 notice was served and filed that " 'claimant will present' to the county judge 'for allowance her claim against said estate'." (at 4) The claim was not, however, then "presented." The court stated:

> "* * * The notice given by the claimant on August 23, 1935, that she would present her claim to the county court on September 10 of that year was not in effect a presentation of her claim, and we do not understand her counsel to contend otherwise. Mrs. Ball's claim was not actually presented to the court until February 5, 1943, * * *." (175 Or, supra, at 12-13)

February 5, 1943, was the date of the actual summary hearing. The case necessarily stands for the proposition that the notice that the rejected claim will be proffered to the probate court does not prevent the statute from continuing to run; the summary hearing is the presentment of the claim and it must be held prior to the end of the statutory period.

We do not believe that this proposition should continue to remain the law. Such a proposition violates a concept inherent in the law of the limitation of actions because it requires an event which is beyond the claimant's control to prevent the running of the statute. Under Oregon statutes the only event a claimant can control is the filing of a notice of summary hearing. Despite any action that the claimant may

take, the probate court may refuse to hold the hearing within the statutory period. Such a refusal could be for a valid reason, such as a tightly scheduled docket. If the statutory period expired during the time in which the court refused to act, a logical extension of *In re McKinney's Estate* would require a decision that the claim was barred.[①]

The Oregon Legislature provided two distinct procedures to process claims against estates, i.e., a summary probate court hearing with a subsequent circuit court hearing if desired and an initial circuit court hearing without first having a probate hearing. A claimant should not be required to waive his right to the summary hearing and commence a circuit court action. That, however, is what would occur if a summary hearing could not be secured within the period of limitation and we continued to hold that the holding of such hearing is necessary to stop the running of the statute.

The briefs in *In re McKinney's Estate,* supra, are directed to the claimant's contention that the administrator was estopped from asserting the bar of the statute of limitations. The effect of the notice of summary hearing and the meaning of "presentment of claim" were not argued. Undoubtedly, this court was influenced in its decision in *In re McKinney's Estate,* supra, by the fact that the services for which the claim was made had been rendered from 1921 until 1930 and the notice of summary hearing was filed in 1935, but the claim was not heard by the court until 1943. Such a claim was obviously "stale." The claim here cannot be accurately described as "fresh," but it is not of

---

[①] Keys v. Keys' Estate, 217 Mo 48, 116 SW 537 (1909), similarly reasoned.

too ancient vintage. With the latest statistics showing that only 8.6 per cent of the open estates in Oregon's metropolitan county are more than three years old and with the Oregon judicial conference carrying on a project to speed up the administration of estates all over the state, it is reasonable to believe that overruling *In re McKinney's Estate,* supra, will not prolong the administration of estates.

We now hold that when the notice of summary hearing provided for by ORS 116.525 is given the running of the general statute of limitations is stopped. *In re McKinney's Estate,* supra, is overruled to the extent that it is contrary to this holding.

The judgment is reversed.